CHARLES F. EISELEY AND OTHERS, PLAINTIFFS IN ERROR,
v. WILLIAM MALCHOW, DEFENDANT IN ERROR.

1. **Statute of Frauds.** The object of the ninth section of our statute of frauds, which is substantially the same as section 17 of the English statute, is not to avoid sales of property, satisfactory to the parties to them, but is merely to enable parties to such contracts, in case of dispute and litigation, to properly protect themselves by insisting upon certain specified modes of proof in order to enforce them.

2. **Practice:** EVIDENCE: UNDERSTANDING OF WITNESS. In proving a sale of chattels, the understanding of one of the parties as to whether the title passed to the purchaser is not competent evidence, especially as against a stranger to the alleged contract. As against the party himself, however, it might be competent.

3. ———: IMMATERIAL EVIDENCE. The admission of immaterial evidence against objection, where the court can clearly see that it could not have prejudiced the party, is not a ground for granting a new trial.

4. ———: INFORMAL VERDICT. A verdict in an action of replevin ought, either in general or specific terms, to pass upon the question of unlawful detention. But even if it do not, in a case where this question is controlled entirely by that of ownership, which is expressly covered by the findings, the judgment will not be reversed on that ground.

ERROR to the district court for Dodge county. The facts are as follows:

In 1873 Levi and Andrew Baker, partners, bought of the firm of Case & Co. a threshing machine, for

NOTE.—The understanding of a witness is not evidence. He must state facts. *Lacey v. Central National Bank,* 4 Neb., 179. Where a witness was asked to give his understanding of the meaning of certain words; *held,* that the form of the question was objectionable, but inasmuch as the answer did not respond directly to the question, but give the facts as they transpired, the error was without prejudice, and must be disregarded. *Goodrich v. McClary,* 3 Neb., 123. See also note to *Search v. Miller,* ante p. 26.—REP.

which they gave their notes, amounting to about $600. These notes came into the possession of William Malchow, who had acted as the agents of Case & Co. in making the sale of the machine to the Bakers. Malchow employed one Reynolds to collect the amount due on the notes, and Reynolds, carrying out that object, entered into an agreement with the Bakers, by which he was to take from them certain property, including the machine in question, and give them a credit of something over $300 on the notes. After this sale Thomas Robinson, a constable, levied on and sold the machine in question under an execution issued upon a judgment rendered in favor of the Wheeler Seeder Co. against Levi Baker and Eiseley & Rink, the latter giving Robinson, the constable, an indemnifying bond for that purpose. After the sale of the machine upon said execution, Malchow commenced an action on the note given by the Bakers, and recovered a judgment against them for $844.27. Subsequently Malchow brought this action against Eiseley &. Rink and Robinson, the constable, to recover the value of said machine. At the trial before Post, J., the following instructions were given to the jury:

1. The court instructs the jury that if they believe from the evidence that the machine in question was the property of Levi and Andrew Baker as partners, and that the debt due from said Baker to the plaintiff was a debt upon said partnership to the plaintiff, then such debt would have preference of payment over the individual debts of either of said partners out of the partnership property; that a levy upon partnership property for the satisfaction of the individual debt of either of such partners can only be made on the interest of such partners in the partnership property, and can only attach to the residue of such interest remaining after the partnership debts are paid.

2.  The court instructs the jury that if from the evidence in this case they believe that Levi and Andrew Baker were indebted to the plaintiff, and that the plaintiff, through his agent, Wilson Reynolds, agreed to purchase of the said Bakers the threshing machine in question, in connection with other property, for a price to be credited in gross upon notes held by by plaintiff against said Bakers, and if from the evidence the jury further believe that it was the intention of the said Bakers and the plaintiff, by said transaction, to pass the title to the machine in question to the plaintiff, and the plaintiff took possession thereof, then the jury will find the property in the machine to be in the plaintiff, notwithstanding the jury may believe that the price agreed upon was not given on the notes according to the agreement.

A verdict and judgment having been rendered in favor of Malchow, the defendants Eiseley & Rink and Robinson brought the cause here by petition in error.

The ninth section of the statute of frauds, invoked by plaintiffs in error as applicable here, is as follows:

"Sec. 9. Every contract for the sale of any goods, chattels, or things in action, for the price of fifty dollars or more, shall be void, unless—

"*First.*  A note or memorandum of such contract be made in writing, and subscribed by the party to be charged thereby; or,

"*Second.*  Unless the buyer shall accept and receive part of such goods or the evidences, or some of them, of such things in action; or—

"*Third.*  Unless the buyer shall at the time pay some part of the purchase money."  Gen. Stat., 393.

*Marlow & Munger*, for plaintiffs in error.

1.  If the contract of sale between Reynolds (acting for Malchow) and Bakers falls within this statute,

then Malchow acquired no title or interest in and to the property, and could not maintain the action against defendants. No memorandum of the contract of sale was made. Reynolds says he gave a receipt for the money; what the contents of the receipt was we are not informed. A simple receipt does not answer the terms of the statute. It is essential that the names of both vendor and vendee appear, the price stipulated, a description of the property, and all the terms of the contract. Browne on Statute of Frauds, Chapter 18. Story on Sales, §§ 265, 266. *Grafton v. Cummings*, Central Law Jour., May 9, 1878. Although Reynolds agreed to credit the $350 on the notes he never did so, and to fulfill the terms of the statute the credit must have actually been made. *Brabin v. Hyde*, 32 N. Y., 523. There was no acceptance and receiving of the goods, or any part thereof, sufficient to take the case out of the statute. Reynolds says that when the suit was brought against the Bakers none of the property had been received, and this suit against the Bakers was brought subsequent to the levy and sale by Robinson. The machine in question was standing on the farm of a third party; in some cases, perhaps, it would amount to a constructive delivery or change of possession, but such is not sufficient to answer the statute. There must be either an actual deliverance and acceptance or a symbolical deliverance and acceptance —some act of the party in addition to mere words. *Shindler v. Houston*, 1 Comstock, 261. Browne on Statute of Frauds, § 318.

2. The court erred in admitting the question to witness Andrew Baker, and his answer thereto. *Goodrich v. McClary*, 3 Neb., 123.

3. The verdict of the jury does not pass upon and dispose of all the material issues of the case. *Rouge v. Dawson*, 9 Wis., 246. The verdict is special. The

jury find the property to the machine to be in plaintiff, and the amount of plaintiff's damages, but they do not find upon the issue as to whether the property was converted by defendants.  It may be true, as the jury have said, that the property was plaintiff's, that the plaintiff has sustained damages, but judgment could not properly be rendered against defendants unless defendants had converted the property, and upon this point the verdict is entirely silent.

*Marshall & Sterett*, for defendants in error.

1.   An execution levied upon partnership property for the individual debt of one of the partners must, to make it a good levy, be made upon the interest of such partner in the partnership.   The sale must be made of such interest.   It will attach only to the interest of such partner remaining after the adjustment of the partnership affairs and the payment of partnership debts.   Specific articles of partnership property, or moieties thereof, cannot be sold in such cases.   Collyer on Partnership, § 832, p. 574, and note 1.

2.   Our statute of frauds being a substantial adoption of the English statute, it is fair to conclude that the construction of the English statute was adopted with it.   This section (9) was evidently intended for the benefit of the contracting parties; and if they are willing and do waive the statutory objection, none others could insist on it.   The right of objection is personal to them.   It is only when, between the parties to the contract, some right under the verbal contract is sought to be enforced that the aid of the statute can be invoked.   " One of the most important objects of the statute was to prevent the introduction of loose and indeterminate *proofs* of what ought to be established by solemn written contracts."    *Poland v. O'Con-*

*nor*, 1 Neb., 53.    Brown on Frauds, § 135.    *McCoy v. Williams*, 1 Gilm., 584.

3.    The objection urged against the verdict we think cannot be sustained.    *First.* Because it is clear that the jury found the property converted was the plaintiff's, and they assess his damages.    *Second.* Because the verdict was amendable under Sections 144 and 145 of the code.    Gen. Stat., 546, Sec. 291, p. 574. An objection to the form of a verdict, which might have been remedied by the court which tried the cause (*if it had been made at the time of its rendition*), cannot be taken in the appellate court.    *State Bank v. Batty*, 4 Scam., 200.    *Schlencker v. Risly*, 3 Scam., 483.    *Roach v. Hulings*, 16 Peters, 321.

LAKE, J.

The objection that the evidence is insufficient to support the verdict cannot be sustained.    There is really no substantial conflict of testimony, and it shows very clearly, we think, that before the levy of the execution upon it as the property of Levi Baker, to satisfy his individual debt, the machine had been sold by him and his brother Andrew, who owned it in company, to the defendant in error, in part payment of an "indebtedness which they had contracted some months before in the purchase of this identical machine.    This fact, too, is practically conceded, as the testimony of the witnesses Reynolds and Andrew Baker is really uncontradicted; and which is to the effect that immediately after the sale to the defendant Malchow, and long before the levy was made, the plaintiffs were fully informed of what had been done, and that Malchow was the owner of the machine.

As to the *ninth* section of our statute of frauds, which is substantially the same as the *seventeenth* sec-

tion of the English statute, we do not see that it can have any influence in the decision of the case. Even conceding that this section of the statute might have been invoked at the proper time, as between these parties, it was not done. That time was upon the offer of ordinary parol testimony to prove the sale from the Bakers to Malchow. But no objection to the mode of proof being then made, it is too late afterward to make it. The object of this statute is not to avoid sales of property satisfactory to the parties making them, although made without complying with its formalities, but it is merely to enable parties to such contracts, in case of dispute and litigation, to insist upon certain specified modes of proof in order to enforce them.

It is also alleged for error that the court overruled the objection for incompetency to the *thirtieth* question in the deposition of Andrew Baker, which was as follows : " At the time the machine was sold by you and your brother to Malchow, was it not the understanding between you and your brother that the title to the machine was passed to Malchow; and what you did about it afterwards you so done for Malchow as his agent?" This question was certainly very leading, but no objection was made to it on that ground. And it was also incompetent. It was not proper, in a controversy between these parties, one of them a stranger to the contract, for him to give either his brother's or his own *understanding* of the legal effect of what was done at the time of the alleged sale. As against the witness himself it might have been proper. And did we not clearly see that his answer could not possibly have prejudiced the plaintiffs in error, it would have called for a reversal of the judgment. But the answer given by the witness was really no enlargement of the field of proof, for the fact of the Bakers' intention to transfer all their interest in the machine to Malchow, and

that they did so, had already been proved beyond the reach of doubt, even by an abundance of other competent evidence. In such cases the error, being clearly without prejudice, is not a ground for a new trial.

As to the two instructions complained of we see nothing really objectionable in them, save perhaps that they were not really called for by the state of the proofs. They stated the law correctly, so far as they had any application to the facts before the jury.

But a single question remains, and that concerns the verdict, which was in these words: "We, the jury duly impaneled and sworn to well and truly try the issues joined between the parties in this case, do find the property of the machine in question to be in the plaintiff, and do assess his damages at one hundred and nine dollars."

This verdict is technically deficient in not expressing, either generally or specifically, the finding of the jury upon the question of the alleged unlawful detention of the property. Ordinarily this is done in general terms, as for example: "We find the issues in favor of the plaintiff." But although this omission is a defect, nominally, under the circumstances of this case it could have occasioned no harm. The merits of the entire controversy hinged on the question of ownership, upon which the jury expressly passed. No question concerning the detention of the property, uncontrolled by that of ownership, was raised. That the defendants below wrongfully detained the machine, if Malchow owned it, was clear and undisputed. Therefore, the jury, having found that Malchow was the owner, this entitled him to a judgment for its value at least.

No material error having been pointed out, the judgment must be affirmed.

JUDGMENT AFFIRMED.