AARON PALMER, PLAINTIFF IN ERROR, v. W. ROSS WITCHERLY, DEFENDANT IN ERROR.

1. **Statute of Frauds:** EVIDENCE.  Testimony of a parol promise to pay for a stove, given to the jury without objection, was withdrawn and excluded by the court on the ground that the promise was to pay the debt of another, and not being in writing,. was within the statute of frauds.  Evidence examined and. promise, *Held*, Not within the statute.

2. **Practice.**  *Held, also,* That it is not good practice to permit testimony to be given without objection, and then ask to have it. excluded.

3. ————.  Ordinarily where an objection to testimony is not made when it is offered, and before it has gone to the jury, it should be deemed waived.

ERROR to the district court for Nemaha county.   Tried. below before POUND, J.

*William T. Rogers* and *D. H. Mercer*, for plaintiff in error, cited: *Clopper v. Poland*, 12 Neb., 69. *Lawrence v. Fox*, 20 N. Y., 268. *Dwyer v. Gibson*, 16 Wis., 580. *Calkins v. Chandler*, 36 Mich., 323. *Young v. French*, 35 Wis., 111. *Hoover v. Morris*, 3 Ohio, 56. *Wright v. M'Cullly*, 67 Mo., 134. *Fitzgerald v. Morrissey*, 14 Neb., 198.

*Osborn & Taylor*, for defendant in error, cited: *Anderson v. Davis*, 9 Vt., 136. *Eddy v. Roberts*, 17 Ill., 506. *Westhamer v. Peacock*, 2 Ia., 528. *Sternburg v. Callanon*, 14 Ia., 259. *Brown v. Weber*, 38 N. Y., 187. *Gower v. Stewart*, 40 Mich., 747. *Stewart v. Campbell*, 4 Am. Repts., 296.

LAKE, CH. J.

Of the errors complained of, the primary one is that of the county court, committed in ruling upon the admissibility of testimony offered to show a promise, by one R. Hatchett, to pay for a stove purchased by his wife, on her own credit from the witness Richards. The claim of Richards upon Hatchett for the stove had been transferred to the plaintiff in error.

The action in the county court was brought by the defendant in error on a due bill, not negotiable, duly assigned to him by said Hatchett, to whom the plaintiff in error had given it. There was no dispute as to the amount still unpaid on the due bill; the question was, simply, as to the liability of Hatchett for the stove. If he were liable to Richards for the stove, the account therefor having been assigned to the plaintiff in error, it was a good set-off to the due bill, *pro tanto*.

As before stated, the stove was purchased, at first, by Mrs. Hatchett, on her own credit. This is not disputed. At the time of the purchase, she was living with her hus-

band, and the stove was taken to his house, where it was used, and still remains, as the evidence shows.

Shortly after getting the stove, Mrs. Hatchett, it seems, separated from her husband leaving it in his possession, unpaid for. But she went to Richards, "and asked him to take back the stove," which he agreed to do, upon her promise to pay for its use while she had it. She told Richards where the stove was, and requested him to see Hatchett about it. Accordingly, Richards, as he testified, went to Hatchett, who still had the stove, to see about it. Hatchett said to him, that he could not do without the stove, and would pay him for it.

The plaintiff in error testified that after the account was transferred to him by Richards, Hatchett admitted to him that it " was correct," and " that he would pay it sometime, but was not able to pay it then." This admission, he says, was made on the occasion of a presentation, by Hatchett, of the due bill for payment, and before its transfer to the defendant.

And Hatchett himself, who was called for the defendant in error, swore, that " Richards came to him, and wanted to know about the stove." He at first, it seems, " told Richards that he didn't care about the stove, as he could get one cheaper." But finally he said to him that "if he would leave it, he would pay for it some time," but he could not do it then. With that Richards went away, leaving the stove, which Hatchett still retains.

After this testimony respecting Hatchett's promises to pay for the stove had gone to the jury without objection as it seems, it was, on motion of the attorney of the defendant in error, withdrawn by the court and wholly excluded from their consideration, for the reason that the promise was not in writing. This ruling was made on the supposition that Hatchett's agreement was to pay the debt of his wife. This, however, was an erroneous view of it. Fairly considered, the testimony shows that the sale from Richards

to Mrs. Hatchett was rescinded by his assenting to take the stove back, upon her promise to pay for its use; and that the subsequent arrangement, by which Hatchett promised to pay for the stove if Richards "would leave it" with him, created a new debt for which Mrs. Hatchett was in no respect liable. When Richards went to Hatchett to see about the stove, it was his own by virtue of the arrangement he had made with Mrs. Hatchett, and he could and probably would have taken it away, but for the re-sale to the husband.

But, even if the original sale had not been rescinded, and the promise of Hatchett had been, directly, to pay his wife's debt—in other words, if the promise had been clearly within the statute of frauds, the motion to take the testimony from the jury ought to have been overruled, for the reason that the objection to it came too late. *Eiseley v. Malchow*, 9 Neb., 174. It is not good practice to permit testimony of this description to be given without objection, and then ask to have it excluded. Ordinarily, when an objection to testimony is not made when it is offered, and before it has gone to the jury, it should be deemed waived; especially so where, as in this case, the party objecting has given substantially the same, and a portion of, the testimony objected to. Browne on Frauds, § 135. *Montgomery v. Edwards*, 46 Vt., 151. Am. Reports, 618.

For these reasons the judgment of the district and county courts must be reversed and the cause remanded to the county court for a new trial.

REVERSED AND REMANDED.

THE other judges concur.