I. OBERFELDER & CO. v. D. C. KAVANAUGH.

[FILED APRIL 29, 1890.]

1. Bills of Exceptions: OMISSIONS OF EVIDENCE: JUDGE'S CERTIFICATE NOT CONCLUSIVE. The certificate of the trial judge attached to a bill of exceptions, to the effect that it contains all the evidence used on the trial, will not be taken as conclusive.

where it appears on the face of the bill that material evidence has been omitted. (*M. P. R. R. Co. v. Hays.* 15 Neb., 224.)

2. **Husband and Wife**: JOINT BUSINESS: PROPERTY: OWNERSHIP: PRESUMPTION. In this state a married woman may own property and carry on trade or business on her sole and separate account, and there is no presumption of law that personal property in the possession of the wife while living with her husband belongs to the husband.

3. ———: ———: ———: ———: ESTOPPEL. A husband and wife were in charge of a millinery store in the city of C. The plaintiffs sold goods on credit to the wife on the representations of the husband that she was the owner of the business. L., S. & Co. and R., T., W. & Co., not knowing of said representations, or that the wife claimed to own the business, sold on time goods to the husband, which went into the store. Afterwards, the husband absconded and the wife gave the plaintiffs a chattel mortgage on the stock to secure the balance of their claim, and the mortgagee took possession thereunder. L., S. & Co. and R., T., W. & Co. shortly afterwards attached the goods as the property of the husband. *Held*, In an action by the mortgagee against the sheriff for conversion, that the representations of the husband made to the plaintiff do not estop the officer from showing that the husband was the owner of the property when the mortgage was given.

4. **Amended Pleadings**: COSTS. The taxation of costs, as terms for filing amended pleadings, rests in the discretion of the trial court.

ERROR to the district court for Platte county. Tried below before POST, J.

*W. A. McAllister, Sullivan & Reeder,* and *S. S. McAllister,* for plaintiffs in error, cited: *Severance v. Melick,* 15 Neb., 614; *Oberfelder v. Kavanaugh,* 21 Id., 483 [S. C., 32 N. W. Rep., 295]; *Strong v. Strong,* 5 N. E. Rep. [N. Y.], 799; *Lebby v. Ahrens,* 2 S. E. Rep. [S. Car.], 387; 1 Herman, Estoppel, secs. 5–8; 2 Id., secs. 586–7, and cases note 2; 593, and cases note 2; Abbott's Trial Ev., p. 629, ¶ 1; 3 Field, Lawyer's Briefs, sec. 248, and cases; 2 Pom., Eq., sec. 818; *Morgan v. Spangler,* 14 O. St., 103, 121; *Mc-Cravy v. Remson,* 19 Ala., 430

*George G. Bowman*, and *John M. McFarland, contra*, cited: *Keeney v. Good*, 21 Pa. St., 354; *Black v. Nease*, 37 Id., 436; *Turner v. Brown*, 6 Hun [N. Y.], 331; *Glann v. Younglove*, 27 Barb. [N. Y.], 480.; *Zuchtmann v. Roberts*, 109 Mass., 53; *Plumer v. Lord*, 9 Allen [Mass.], 455; *Roberts v. Justice*, 1 C. & K. [Eng.], 93; *Prosser v. Gwillim*, Id., 95; *Stothert v. James*, Id., 121; Herman, Estoppel, secs. 139, 778, 799, and cases.

NORVAL, J.

This case, which, as formerly before this court and reported in 21 Neb., 483, was sent back for a new trial, and resulted in a verdict for the defendant, comes here again on error. It will not be necessary to do more than refer generally to the nature of the controversy. The suit was for the conversion of a stock of millinery goods, notions, etc. The plaintiffs in error claim the goods by virtue of a chattel mortgage given to them by Mrs. B. F. Stump. The defendant in error took the goods from the plaintiffs under two writs of attachments placed in his hands as sheriff of Platte county, one in favor of Lederer, Strause & Co., and the other in favor of Roll, Thayer, Williams & Co., and both against B. F. Stump. The defendant insists that the goods, at the time of the levying of the attachments, were owned by Mr. Stump. The plaintiffs also contend that the creditors of B. F. Stump are estopped to claim that the goods in dispute belonged to Mr. Stump, because it is alleged that months before the execution of the chattel mortgage he represented to the plaintiffs that his wife was the owner of the business, whereby they were induced to and did sell her goods upon credit.

There is evidence in the record tending to show that the plaintiffs, from time to time prior to the execution of the chattel mortgage, sold Mrs. Stump large quantities of goods, extending her credit therefor; that both husband

and wife conducted the business from its inception, and that the latter was the owner thereof. The husband having absconded, the plaintiffs succeeded in obtaining from the wife a mortgage on the stock for the amount of its claim. A few days later the attachments were levied. There is likewise evidence to the effect that the attaching creditors sold to the husband on credit the larger part of the goods covered by the mortgages, and that the husband, and not the wife, was the owner of the property in dispute. On the question of ownership the evidence is very conflicting, but as the record discloses that only part of the testimony that was submitted to the jury is before us, we are unable to determine whether or not the verdict is clearly against the weight of the evidence. It appears from page 30 of the bill of exceptions that a certain book in the handwriting of Mr. Stump, marked exhibit "H," was introduced and read to the jury, yet it is not included in the bill of exceptions. This omission plainly appearing on the face of the bill overcomes the certificate of the trial judge attached to the bill of exceptions, to the effect that it contains all the evidence introduced. (*M. P. R. Co. v. Hays*, 15 Neb., 231.)

M. Straus, a witness called by the defendant, testified, without objection that over two-thirds of the goods attached were those sold by Lederer, Straus & Co. to Mr. Stump. After this testimony was received the plaintiff moved that it be striken out as incompetent and immaterial. The motion was overruled and an exception was taken. The evidence was certainly competent as tending to prove that the husband was the owner. Moreover, when testimony is received without objection, the question of its competency is waived, and will not afterwards be eliminated from the records for that reason. (*Palmer v. Witcherly*, 15 Neb., 98.)

Error is assigned upon the giving of the twelfth and thirteenth paragraphs of the instructions.

"12. Personal property in possession of a married woman living with her husband is by law presumed to be the property of her husband, particularly where it is shown that he exercised acts indicating ownership thereof with her knowledge and consent.  To overcome this presumption the plaintiffs, or others claiming under her, must show affirmatively that the property in question is her own separate estate.

"13.  Applying the above rule to this case you are charged that should you find that B. F. Stump and his said wife were, during the time in question, living together as such husband and wife, and that they were both engaged in managing and conducting the business, then the presumption of law is that said B. F. Stump, and not his wife, was the owner thereof; hence in order for Mrs. Stump, or any party claiming under or through her, to recover said goods or their value, she or they would have to show affirmatively, and by a preponderance of proof, that said goods were her separate property or estate."

The fault with these instructions consists in placing the burden on the plaintiffs to establish that Mr. Stump was not the owner of the property when the mortgage was given.  Doubtless in a contest between the creditors of a husband and the wife, when it is charged that his property has been placed in her hands to defraud such creditors, the presumption would be against her, which she would have to overcome by proper proof.  But no issue of that kind is tendered in this case by the pleadings.  No charge of fraud between Stump and wife is made.  Under the law of ·this state a married woman may own personal property in her own right the same as a married man.  When such property is in the joint possession of both, the law raises no presumption that the husband is the owner thereof.  The instructions were clearly prejudicial to the plaintiffs.

The court instructed the jury on the law of estoppel and refused three of plaintiffs' requests upon the same subject

Oberfelder v. Kavanaugh.

Error is now predicated thereon. It is not deemed necessary to copy the instructions into this opinion. The position of the plaintiffs is that Mr. Stump having represented to them that his wife was the sole owner of the store at Columbus, and of the stock of goods therein, for the purpose of obtaining credit from the plaintiffs for goods purchased and afterwards to be purchased of them, and they having relied upon such representations in selling her the goods, the attaching creditors, and the sheriff who represents them, are estopped from showing that the husband was in fact the true owner of the goods. Most of the property in controversy was sold by the attaching creditors to Stump long after the representations were made by him to the plaintiffs and without any knowledge of the fraud. That the plaintiffs were deceived does not prejudice Stump's creditors or estop it from proving who in fact was the true owner of the goods· The question of estoppel is not involved in the case, but rather who was the real owner. That was for the jury to determine under proper instructions. If owned by the husband, then it was liable for his debts. On the other hand, if it was the separate property of his wife, it was conveyed by her mortgage to the plaintiffs.

After the cause was reversed by this court and remanded for a new trial, the district court gave the plaintiffs leave to file an amended reply on submitting to judgment for costs made to that time. The question of imposing terms on filing an amended pleading rests in the sound legal discretion of the trial court. As the original reply is not before us we are unable to say that there was an abuse of discretion in awarding costs.

The judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.

THE other judges concur.