Hon. A. M. POST, } Judges.
Hon. T. O. C. HARRISON, }

Hon. ROBERT RYAN, }
Hon. JOHN M. RAGAN, } Commissioners.
Hon. FRANK IRVINE, }

---

WESTERN HOME INSURANCE COMPANY v. E. B. RICH-ARDSON, ASSIGNEE.

FILED APRIL 3, 1894.   No. 5661.

1. **Fire Insurance**: Proof of Loss: Evidence.   Ordinarily, in an action on an insurance policy containing a provision to the effect that the insured shall furnish to the company written proof of his loss within sixty days after the fire, the plaintiff, in order to recover, must establish on the trial that such proof was duly furnished, or that the same was waived by the defendant.

2. **Pleading**: Waiver of Proof of Loss.   Where the answer filed to the petition puts in issue the execution and delivery of the policy, the defendant thereby waives the terms of the policy relating to the preliminary proof of loss.

| | |
|---|---|
| 40 | 1 |
| 40 | 712 |
| 40 | 1 |
| 44 | 542 |
| 44 | 575 |
| 40 | 1 |
| 46 | 394 |
| 40 | 1 |
| 47 | 689 |
| 40 | 1 |
| 54 | 93 |
| 54 | 308 |
| 40 | 1 |
| 58 | 814 |

3. **Proof of Loss:** OBJECTIONS: WAIVER. In case the preliminary proof of loss submitted to the company is unsatisfactory, it should return the same to the insured within a reasonable time, stating in what respect it is considered defective, and if it fails to do so, but rejects such proof on the ground that the same was not furnished in proper time, it cannot afterwards avail itself of the insufficiency of such preliminary proof.

4. **Evidence.** The omission of the plaintiff to introduce in evidence a paper or document essential to his case is cured by the defendant afterwards putting in evidence such paper or document.

5. **Fire Insurance:** WHEN ACTION ON POLICY ACCRUES. Where an insurance company denies the making of the policy and all liability thereunder, and absolutely refuses to pay the loss, the right of action of the insured immediately accrues, although the policy contains a clause giving the company an option either to pay the loss or replace the property damaged within a specified time.

6. ———: RENEWAL OF POLICY: PAYMENT OF PREMIUM: TENDER. An agent of an insurance company, duly authorized to take and approve risks and to insure, issued a policy of insurance extending credit for the premium, although the policy acknowledged the payment thereof. Prior to any loss the full amount of such premium was tendered by the insured to such agent, but the money was not received owing to the fact that the latter was about to enter a railroad car, and would not accept the money. Before the agent returned home the property was destroyed by fire. Afterwards, but prior to instituting suit on the policy, the amount of premium was paid to the company and the same was retained by it with full knowledge of all the facts. *Held*, That such payment related back to the time the tender was made to the company's agent, and that the company could not avail itself of the condition contained in the policy that "this company shall not be liable by virtue of this policy, or any renewal thereof, until the premium therefor shall be actually paid," to prevent a recovery.

7. **Action on Policy:** EVIDENCE OF VALUE OF PROPERTY. In an action to recover for a loss under a policy, it is competent for the insured, who was acquainted with the value of the property destroyed at the time of the fire, to testify as to such value.

8. **Witnesses.** It is not the proper practice to permit a witness to answer a question without objection, and then move to have the testimony excluded.

9. Objections to the rulings of the trial court on the admission and exclusion of testimony examined and considered, and said objections overruled.

ERROR from the district court of Butler county. Tried below before WHEELER, J.

*H. W. Chase* and *W. E. Bauer*, for plaintiff in error.

*Matt Miller, contra.*

NORVAL, C. J.

This is an action brought by E. B. Richardson, as assignee of C. E. McCarty & Co., upon a policy of fire insurance on a stock of general merchandise. From a judgment in favor of the plaintiff below for the full amount covered by the policy the defendant brings the case to this court for review.

At the close of the plaintiff's testimony the defendant requested the court to direct the jury to return a verdict in its favor, for the reason that no evidence had been introduced tending to show that the plaintiff or his assignors had furnished to the company the preliminary proof of loss, as required by the provisions of the policy. The court refused to so instruct the jury, to which an exception was taken, and the defendant introduced testimony in support of the defenses set up in the answer. This ruling is the first error assigned.

The policy contained the usual stipulation that the assured, in case of loss or damage by fire, should, "within sixty days, render an account of the loss or damage, signed and sworn to, stating how the fire originated, giving copies of the written portions of all policies thereon, also the actual cash value and ownership of the property, and the occupation of the premises, and incumbrance, if any, and whenever required the assured, his, her, or their agents or servants wherever, and as often as required, shall submit to

examinations under oath by any person designated by the
company, and apart from all other persons, except the attest-
ing magistrate or notary, and subscribe thereto when reduced
to writing, and produce all books of account, bills, and other
vouchers, 'or copies thereof, if originals are lost,' at the
office of the company or at such other place as the company
may designate, and permit copies and extracts thereof to be
made,   *   *   *   and shall, if required, produce the cer-
tificate of a magistrate or notary public nearest to the place
of fire, stating that he has investigated the circumstances
of the fire, and believes the owner has without fraud sus-
tained loss to the amount·claimed." The general rule is,
and we have so held, that, in an action upon a policy of
insurance containing provisions similar to those in the case
before us, it is necessary for the plaintiff to prove upon
the trial that proof of loss was made, or that the same was
waived by the insurer. (*German Ins. Co. v. Fairbank*, 32
Neb., 750.) It is true the bill of exceptions discloses that
the plaintiff failed to prove proof of loss was furnished
the insurer, but this omission will not defeat a recovery,
since the answer filed by the defendant put in issue the
execution and delivery of the policy, and the plaintiff was
required to prove the making of the contract of insurance.
Besides, the defendant insisted upon the trial that the
policy was not in force when the fire occurred. These facts
constituted a waiver of the terms of the policy relating to
the preliminary proof of loss. (*Pheniä Ins. Co. v. Bachelder*,
32 Neb., 490.)

Again, the defendant, when it came to make out its case,
established that such proof of loss was furnished by the
plaintiff's assignors and actually introduced the original
statement of loss in evidence, thereby supplying the omis-
sion in plaintiff's testimony, and curing the error, if any,
in the failure of the court to direct a verdict for the de-
fendant. It is said it should not have that effect, because
the preliminary proof of loss was not delivered to the

company within sixty days after the loss. The fire occurred on the night of October 26, 1890; and it is undisputed that notice and proof of loss were sent to defendant at Sioux City, Iowa, by registered mail from Ulysses, Nebraska, on December 23, following. There was evidence introduced tending to prove that they were not received by the company until December 26, or sixty-one days after the loss occurred. However that may be, they were delivered by McCarty & Co. to the postmaster at Ulysses, postage thereon prepaid, in ample time to have been transmitted by the usual and ordinary course of mail to Sioux City, before the expiration of the sixty days, and they had a right to assume that the same would reach the place of destination in time. They were either miscarried in the mails or the defendant did not call for or receive them as soon as they reached Sioux City. So far as the evidence shows they may have laid in the post-office at that place a day or more before their delivery to the defendant. The jury were justified in finding that proof of loss was made in due time.

It is also urged that the preliminary proof of loss does not comply with the requirements of the policy. This objection is unavailing, as the proof furnished was never returned to McCarty & Co., or their assignee, for correction, but was retained by the defendant and by it produced on the trial. True, the company on December 27, in acknowledging the receipt of the paper, stated that it did not comply with the terms of the policy; but the only objection pointed out in the letter was that the same was not delivered within sixty days. If the proof was defective in form or substance, and the company intended to contest its liability for that reason, it should have been returned to the insured with a statement of the particulars in which the same was considered defective, in order that the defect might be corrected. Having failed so to do, the company will not now be heard to say that such proof was insuf-

ficient. (*Union Ins. Co. v. Barwick,* 36 Neb., 223.) This rule is well sustained by authorities elsewhere. (*Fireman's Ins. Co. v. Crandall,* 33 Ala., 9; *Inland Ins. & Deposit Co. v. Stauffer,* 33 Pa. St., 397; *McMasters v. Westchester County Mutual Ins. Co.,* 25 Wend. [N. Y.], 379.) In the last case the court say : "The law is well settled, that if there be a formal defect in the preliminary proofs, which could have been supplied had an objection been made by the under-writers to payment on that ground, if they do not call for a document, for instance, or make objection on the ground of its absence or imperfection, but put their refusal upon other grounds, the production of such further preliminary proofs will be considered as waived." In the case we are considering the company rejected the proof or statement of loss on the ground that it was not delivered in proper time. Had it been objected to on account of defects, they might have been remedied.

Another defense relied on here is that the suit was pre-maturely brought. The policy contained a stipulation that "the amount of loss or damage should be due and payable at the office in Sioux City, Iowa, after satisfactory proofs of the same, as required hereinafter, shall have been made by the assured under the conditions and limitations of this policy, and received by the company at its office, unless the property be replaced by the company, the company re-serving the option to take the whole or any part of the personal property specified, at its appraised value, or to re-pair or rebuild, or to replace any property burned or dam-aged with other of like kind or quality, within a reasonable time, on giving notice of its intention so to do within sixty days after the filing of the proof of loss." It was admitted on the trial that the action was commenced on February 18, 1891, which was less than sixty days after the preliminary proof of loss was made. It is contended that plaintiff in error, under the clause of the policy quoted, had sixty days after proof of the loss was delivered to the company in

which to make its election whether it would pay or replace the property burned or damaged. It must be admitted that the policy gave the company that option, but it has waived that right by denying the execution of the contract of insurance and denying all liability thereon. There is no claim that it has ever offered to replace the property. It cannot now urge that the suit was instituted too soon. The authorities sustaining this proposition are numerous.

In *Norwich & New York Transportation Co. v. Western Massachusetts Ins. Co.*, 34 Conn., 561, it was held that the denial of all liability and refusal to pay the loss was a waiver of the stipulation in the policy allowing the insured sixty days within which to pay the loss, and that the suit could be maintained on the policy at once. To the same effect are *Phillips v. Protection Ins. Co.*, 14 Mo., 220; *Allegre v. Maryland Ins. Co.*, 10 Md. App., 408.

Counsel contend that no portion of the premium on the policy had been paid at the time of the fire; hence, it is urged there can be no recovery. The policy in suit provides: "This company shall not be liable by virtue of this policy, or any renewal thereof, until the premium therefor shall be actually paid to this company. Nor shall this company be liable for any loss under this policy occurring at a time when any note, or part thereof, given for a part or whole of his premium shall be due and unpaid." When the policy was delivered the premium was neither paid, nor was any note given therefor. While the policy recites on its face the payment of $60, the full amount of the premium charged on the risk, as a matter of fact the agent issuing the policy extended to the insured credit for the premium. Some time before the fire, Thomas McCarty, one of the firm of McCarty & Co., went to C. I. Rafter, who executed the policy on behalf of the company, and was then its authorized agent, and offered and tendered to him the full amount of the premium due. Mr. Rafter, who was at that time preparing to take the train at Ulys-

ses, replied, "'Wait until I come back;' I says, 'It's all right,' and Tom says, 'No.' He says, 'Wait and I will give you the money.' I says, 'I aint got time, because the train is coming, to get this money of you,' and I went off on the train." Before Mr. Rafter returned home, he being absent about thirty days, the fire occurred. Subsequently, but prior to bringing the suit, the full premium was paid to the company, which returned it to the plaintiff. The latter sent the money again to the defendant, and it has since retained the same, with full knowledge of all the facts. We are convinced, under the circumstances disclosed by this record, that the payment of the premium, although not actually received until after the fire, should be regarded as having been made as of the date the money was tendered to the company's agent, Mr. Rafter. It was the fault of the latter that the premium was not received prior to the loss. The doctrine that an act done at one time may take effect as of a prior date, by relation back, is applicable. (*Heaton v. Manhattan Fire Ins. Co.*, 7 R. I., 502; *Dayton Ins. Co. v. Kelly*, 24 O. St., 345; *Miller v. Brooklyn Life Ins. Co.*, 79 U. S., 285; *Franklin Ins. Co. v. Colt*, 87 U. S., 560.) The case last cited was this: On August 26, 1870, the agents of the company entered into a parol contract of insurance with Colt to insure his premises in the sum of $10,375 for five years for a specified premium. Credit was given until October 1 following for the payment of the premium, it being agreed that the agents should retain the policy in their possession, when issued, for Colt until October 1. The property was destroyed by fire on September 20, 1870. At the request of Colt, after the fire, the agents filled out a blank policy of the company, properly signed and countersigned, but they declined to surrender the possession of the same to Colt until they should have consulted the company. The company had no knowledge of the transaction prior to the loss. The policy was subsequently returned by the agents to the company. Colt

tendered to the agents the premium on September 22, 1870, and demanded the policy, which request was not complied with. He again tendered the premium and demanded the insurance money, which was refused, and he thereupon brought suit against the company to recover the amount of his loss. The court charged the jury to return a verdict for the plaintiff. The supreme court, on a review of the case, held that the policy was valid and binding, and affirmed the judgment of the circuit court.

The seventh instruction given to the jury in the suit at bar, by the court on its own motion, reads as follows:

"7. The jury are instructed that it was incumbent on the plaintiff, under the terms and conditions of the policy issued by defendant to him or his assignee, that the premium must have been paid before loss, in order to hold the defendant liable on the policy; and if they find from the evidence that premium was tendered, or that C. E. McCarty & Co. offered to pay the same to the agent of the defendant, and that for any reason the same was not accepted at that time and a loss occurred after the tender or offer of payment of premium, the defendant would be liable for that loss."

This instruction, when considered in connection with the other portions of the court's charge, was not prejudicial to the rights of the plaintiff in error. In fact we are inclined to the opinion, after a careful perusal of the testimony in the bill of exceptions, that the court would have been warranted in directing the jury to return a verdict for plaintiff.

On the trial, J. T. McCarty, of the firm of C. E. McCarty & Co., on being interrogated as to the value of the stock of goods covered by the policy at the time of the fire, answered "$3,500 to $4,000." The defendant thereupon moved to strike out the answer of the witness "for the reason that it is not competent for the witness to state in this wholesale way what the value of the goods was.

He should go on and enumerate the different articles, and not be allowed to state or lump the value." The motion was overruled, and this ruling is claimed to be erroneous. The testimony was received without objection, therefore the question of its competency was waived. (*Palmer v. Witcherly*, 15 Neb., 98; *Oberfelder v. Kavanaugh*, 29 Neb., 427.) Moreover, we think it was competent for the witness to state the value of the stock in the store. Such evidence was not the statement of a conclusion, but of a fact. If the defendant desired, he could, on cross-examination, have interrogated the witness as to the value of the different articles and kind of goods.

The case of *Schlesinger v. Springfield Fire & Marine Ins. Co.*, 26 Jones & Spencer [N. Y.], 112, cited in the brief of plaintiff in error, is not in point upon the question we have just been considering. That was an action upon an insurance policy and one of the plaintiffs was asked, "What was the amount of loss and damage sustained by the plaintiffs by reason of the fire?" The court was clearly right in holding that the question was improper, as it called for the conclusion of the witness, and invaded the province of the jury. It was for the triers of fact to determine from all the evidence the amount of the damages which the plaintiffs sustained.

J. T. McCarty, a witness for plaintiff, was asked on cross-examination: "Who made the application for this insurance?" The plaintiff objected for the reason that it was immaterial, incompetent, and not cross-examination, and for the further reason that it had not yet been shown that an application had been made. The objection was sustained. It was not a proper examination, as the witness had not been questioned on the subject of an application. He had merely testified to the fact of the delivery of the policy to the firm of C. E. McCarty & Co. The question also assumed that an application had been made, when there was no evidence on the subject, and for that reason was objectionable.

Objections were sustained on the trial to several questions propounded to witnesses for the defendant on direct examination.   These rulings cannot be reviewed, inasmuch as counsel for the company made no statement to the trial court, at the time, of what he expected to prove by the witness being examined. (*Burns v. City of Fairmont*, 28 Neb., 866, and cases there cited.)

Such of the rulings of the court on the admission and exclusion of testimony as are properly raised by the bill of exceptions we have carefully examined, and find no reversible error therein.   The verdict is in accordance with the evidence.   The judgment is right and is

AFFIRMED.

POST, J., not sitting.