Brown v. Cleveland.

---

EDWARD BROWN ET AL. V. ROYAL C. CLEVELAND.

FILED MARCH 5, 1895.    No. 6050.

1. Review: CONFLICTING EVIDENCE. Where the evidence was conflicting the verdict reached will not be disturbed unless clearly unsustained by the proofs.

2. Trial: FAILURE TO EXCEPT TO TESTIMONY: WAIVER. When testimony has been received without objection, the question of

its competency is waived, and such testimony will not afterwards be eliminated from the records merely because upon proper timely objection it would have been excluded. Following *Oberfelder v. Kavanaugh*, 29 Neb., 427.

ERROR from the district court of Douglas county. Tried below before FERGUSON, J.

*Herdman & Herdman*, for plaintiffs in error.

*John P. Breen*, contra.

RYAN, C.

The defendant in error recovered judgment against Edward Brown, who did not answer, as well as against John J. Gibson, whose answer was a general denial. Error proceedings by both defendants present for review the questions which we shall now consider.

The action was for the value of certain hay and grain averred to have been sold by the defendant in error to the plaintiffs in error, constituting the alleged firm of Brown & Co. The sole question of fact, as to which there was a controversy on the trial, was whether or not Mr. Gibson was associated as a partner with Mr. Brown in the livery business when the latter purchased for use in the stable the various articles of feed for the payment of which Mr. Gibson, as a partner, was by the jury found liable. As there was sufficient proof to justify this verdict it will not be disturbed as being without support of evidence. During the trial a Mr. Mace testified that at various times, and while the several items were being sold by the defendant in error, he, the said witness, likewise sold hay and grain for use in the same stable as was that as to which a recovery was prayed in this case; that these sales were negotiated with Mr. Brown, by whom, as well as by other parties, the witness had been told that Mr. Gibson was associated as a partner with Mr. Brown and that witness had sued both alleged partners for the amount of his bill, whereupon Mr.

Gibson settled. On cross-examination Mr. Mace said that the settlement with Mr. Gibson was at a discount—Mr. Gibson all the time disclaiming the alleged partnership relation—and that both witness and Mr. Gibson agreed to settle solely to avoid the trouble and expense of litigation. It is very clear that this testimony on proper objections should have been excluded. Without conceding to any extent the competency of the residue, that which disclosed the fact of settlement most certainly was not admissible, for the law favors the amicable adjustment of differences. All this testimony was, however, introduced without an objection being interposed by the plaintiffs in error. After it had been fully detailed, and this witness dismissed, plaintiffs in error asked that all his testimony might be stricken out. This was not proper, for having permitted this evidence to go in without objection the plaintiffs in error were not entitled to have it stricken out, and the district court properly so ruled. (*Oberfelder v. Kavanaugh*, 29 Neb., 427; *Palmer v. Witcherly*, 15 Neb., 98.) No other question is presented by the petition in error and the judgment of the district court is

AFFIRMED.