Charles R. Lee v. Elvene Smart.

Filed June 18, 1895.    No. 6007.

**Master and Servant:** Dangerous Machinery: Risk.   Where
a servant, in obedience to the requirements of his master, incurs
the risk of machinery or appliances which, although dangerous,
are not of such character that they may not be safely used by
the exercise of reasonable skill and caution, he does not as a
matter of law assume the risk of injury from accident resulting
from the master's negligence. (*Sioux  City  &  P.  R.  Co.  v.  Fin-
layson*, 16 Neb., 578.)

Error from the district court of Douglas county.   Tried
before Keysor, J.

*Tiffany & Vinsonhaler*, for plaintiff in error.

*I. J. Dunn* and *John J. O' Connor, contra.*

Post, J.

This was an action in the district court for Douglas
county, in which the plaintiff therein, defendant in error,
recovered for personal injuries received through the alleged
negligence of the defendant therein in providing him with
a defective wagon and insufficient team for the hauling of
lumber and in overloading said wagon.   The evidence in
the bill of exceptions establishes the following facts: On
the 9th day of July, 1890, the plaintiff below, who will
be hereafter referred to as the plaintiff, was employed by
the defendant, a lumber merchant in the city of Omaha,
as teamster, and acted in said capacity until the receiving
of the injuries hereafter mentioned on the 11th day of the
same month.   The plaintiff, on the day last named, was
ordered by the defendant to deliver a load of lumber in
the city of Council Bluffs, Iowa, which is reached by a
wagon bridge over the Missouri river.   The wagon road

on the Council Bluffs side of the river is much below the level of the bridge, which is reached from that side by a long approach. On descending from the bridge along said approach on the morning in question the team driven by the plaintiff became unmanageable, owing to the pressure of the heavily loaded wagon, which was not supplied with a brake of any kind. Being unable to control said team, and being in fear of imminent danger from the crushing or capsizing of the wagon, he jumped therefrom, and in so doing received the injuries for which he claims in this action. The alleged negligence consists in the overloading of the said wagon and the failure to supply it with a brake or appliance of like character.

The argument in this court is directed mainly to one proposition, viz., that the plaintiff was fully advised of the condition of the wagon and the character of the load which had been entrusted to his care, and that he accordingly assumed the risk of the employment in which he was engaged at the time of the injury. It has been many times asserted, and may be accepted as a general rule, that a servant who knows, or by the exercise of reasonable diligence could know, of any defect or imperfection in the things about which he is employed, and continues in the service without objection and without promise of change, is presumed to have assumed all the consequences resulting from such defects, and to have waived the right to recover for injuries caused thereby. A modification of that rule was, however, recognized by this court in *Sioux City & P. R. Co. v. Finlayson*, 16 Neb., 578, viz., that where the servant, in obedience to the requirements of his master, incurs the risk of machinery or appliances which, although dangerous, are not of such a character as to threaten immediate injury, or where it is reasonably probable that they may be safely used by extraordinary caution and skill, the master will be liable for a resulting accident. We are aware that the doctrine of the foregoing exception has

been criticised (see sec. 17, notes to *Holmes v. Clarke,* 2 Thompson, Negligence, 953), although it is supported by many well considered cases, and must, whatever view we may entertain of it as an original proposition, be accepted as the law of this state. The following, in addition to those referred to in *Sioux City & P. R. Co. v. Finlayson,* may be cited as authority for the doctrine there asserted : *Conroy v. Vulcan Iron Works,* 62 Mo., 39; *Thorpe v. Missouri P. R. Co.,* 89 Mo., 650; *Kearney Electric Co. v. Laughlin,* 45 Neb., 390. That the case at bar is within the exception there recognized is apparent from a brief reference to the evidence in the record. The plaintiff, according to his own testimony, discovered the day after he entered the defendant's service that there were no blocks in the brake bars of the wagon assigned to him, and asked the defendant if it was necessary to fix them, to which the latter replied that other men had used the wagon without being fixed, and that he, the plaintiff, could, because the streets were level. The plaintiff appears to have had little knowledge regarding the weight of the load in question, but according to the testimony of Mr. Fry, who assisted in putting the lumber onto the wagon, it consisted of 2,945 feet of green poplar, weighing upwards of 8,500 pounds, or more than twice the weight of a reasonable load under the circumstances. Said witness testified further that when the wagon was about three-fourths loaded he called the defendant's attention to the fact that there was danger of overloading it, to which the latter replied that he wanted to put on a heavy load, as he was obliged to pay toll on crossing the bridge. The plaintiff, who it is shown had never crossed the river by means of the bridge mentioned, experienced no difficulty until he had started down the grade at the east end of the bridge, when, as claimed, without fault on his part, he lost control over the team in the manner and with the result above stated. The trial court on this evidence correctly declined to advise the jury that the plaintiff as a mat-

State v. Hay.

ter of law assumed the risk of accident, although he knew, or might with reasonable diligence have known, that there was danger in thus using the wagon without a brake, heavily loaded as it was, and by proper instructions the question was submitted whether in attempting to cross said bridge the plaintiff exercised reasonable caution, or whether in so doing he was guilty of contributory negligence.

Exception is taken to the giving and refusing of certain instructions, but a reference to the record discloses the fact that they are, in the petition in error, included in assignments with other paragraphs which are undoubtedly correct and which are not assailed in the printed brief of counsel for the plaintiff in error. Such assignments must, under the oft-repeated rule of this court, be disregarded. The judgment of the district court will for reasons here stated be

AFFIRMED.