CHARLES E. MALM V. MARY THELIN.

FILED MARCH 18, 1896. No. 6109.

1. Witnesses: OBJECTION TO ANSWER: WAIVER. Where a question is asked a witness, in itself proper and not open to objection, the adverse party does not waive his right to object to an answer to such question containing inadmissible matter by not having objected to the question itself.

2. ———: ———: MOTION TO STRIKE: REVIEW. In such case the admissibility of testimony contained in the answer is properly presented for review by a motion to strike out the answer and an exception to an order overruling such motion.

3. Master and Servant: RISKS OF EMPLOYMENT. A servant assumes risks arising from defective appliances used or to be used by him, or from the manner in which the business in which he is to take part is conducted, when such risks are known to him, or apparent and obvious to persons of his experience and understanding, if he voluntarily enters into the employment, or continues in it without complaint or objection as to the hazards. *Missouri P. R. Co. v. Baxter*, 42 Neb., 793, followed.

4. ———: ———: BURDEN OF PROOF. The presumption is that such risk has been assumed by the servant, and, in order to recover, the burden is upon the plaintiff to establish one of the exceptions to the rule.

5. ———: ———: PLEADING. In his petition he must plead the existence of the facts creating such exception.

6. ———: ———: ———: EVIDENCE. Evidence tending to

show that defective machinery was used under a promise by the master to remove the defect, *held* inadmissible where such promise had not been pleaded.

ERROR from the district court of Douglas county. Tried below before DOANE, J.

*John P. Breen*, for plaintiff in error.

*Gustave Anderson* and *C. P. Halligan, contra.*

IRVINE, C.

The defendant in error brought this action against the plaintiff in error to recover on account of injuries sustained by defendant in error in operating machinery while in the employ of the plaintiff in error, a laundryman. She recovered judgment for $2,500. For convenience the parties will be referred to as plaintiff and defendant as their positions were in the district court. The petition, after alleging that the defendant was the owner of and operated a laundry in Omaha, and that the plaintiff was his servant in the operation thereof, alleged that there was in the laundry a certain machine called a mangle, which was on June 27, 1890, incomplete, imperfect, unsafe, and wholly unfit for use in that it had no guard or protection for the fingers or hands at the point where the clothes were received into the machine; that the defendant well knew of the defect in the machine but negligently used and operated said machine and directed the plaintiff to operate the same; that on said 27th of June, while plaintiff was using said machine as directed by the defendant, she had three fingers of her left hand cut and bruised by said machine so that amputation was necessary; "that said in-

jury was caused by or through no fault or negligence on the part of said plaintiff, but because and solely on account of the incompleteness of said machine and the want of the aforesaid guard or protection on said machine, and the recklessness, carelessness, and negligence on the part of said defendant for ordering or directing this plaintiff to work with said machine while said machine was in the condition hereinbefore set forth." The answer admits that defendant owned and operated the laundry in question and that plaintiff was his servant; that he kept a mangle in said laundry; that plaintiff was injured therein; and denied all other allegations of the petition. An accord and satisfaction were also pleaded, but it will not be necessary at this time to notice this defense. It will be observed that the petition does not charge that plaintiff was inexperienced, that she was not aware of the defect in the machine, and it is not charged that she used it relying on the promise of the defendant to repair the defect. The evidence, without contradiction, shows that before plaintiff was directed to use the machine, attention was especially called to the defect, and that she was aware thereof.

At this point in plaintiff's testimony, the following occurred:

You may state whether or not he [the defendant] said anything to you in regard to using the mangle?

A. Yes, the first day we was using the mangle he said, "We will get that guard as soon as we can."

Mr. Breen: What is that answer?

A. He will get that guard as soon as he can get it.

Defendant objects to the last answer, and moves that it be stricken out, on the ground that there is no such issue in the pleadings as a promise to repair the defect in this machine. Motion overruled, to which defendant excepts.

The overruling of this motion is assigned as error. In considering this assignment the question first arises whether, under the circumstances, the question having been answered without objection, the overruling of a motion to strike out the testimony is open to review. It has been several times held that where a question is answered without objection, objections to the evidence are waived and cannot thereafter be presented by a motion to strike out the evidence so admitted. (*Palmer v. Witcherly*, 15 Neb., 98; *Oberfelder v. Kavanaugh*, 29 Neb., 427; *Western Home Ins. Co. v. Richardson*, 40 Neb., 1; *Brown v. Cleveland*, 44 Neb., 239.) In all of these cases, however, it either affirmatively appears from the report, or it is a fair presumption from the facts stated, that the questions which elicited the objectionable evidence were of such a character that objections interposed thereto before the questions were answered would have prevented the admission of the evidence. Where the objectionable matter appears in an answer not properly responsive to a question, the rule must be different. This distinction was indicated in *Gran v. Houston*, 45 Neb., 813. In *Kissinger v. Staley*, 44 Neb., 783, it was held that if the evidence was recited in a narrative form or volunteered by the witness, or if it was not responsive to a question asked, a motion to strike out must be made in order to present anything for review. The reason is that where the evidence is given

48

in narrative form, or volunteered by the witness, or appears in an answer not responsive to the question propounded, no opportunity exists for objecting before the evidence is elicited, as no question has been asked sufficient to apprise the court or counsel that such evidence is about to be adduced. The same reasons exist and the same rule should apply where a question has been asked, in itself proper and not open to objection, and the witness in answer thereto states something which is objectionable, although it may be fairly responsive to the question. Now the question asked in this case was whether or not the defendant said anything in regard to using the mangle. This question, strictly speaking, called only for a categorical answer upon which further questions might be founded; but assuming that it called for a specific answer as to what was said, the question was not in itself open to objection. The plaintiff pleaded that she had been commanded by defendant to operate the machine; and in view of this pleading the question seemed to call for that command, and an objection urged to it would have been properly overruled. Instead of that the witness answered that the defendant said that he would get the guard as soon as he could. This answer was evidently not heard, and counsel asked to have it repeated, and then moved to strike it out, because irrelevant under the pleadings. Under the circumstances, we think that defendant availed himself of the first opportunity to object to evidence of this character, and that his motion to strike out the answer raises the question of the admissibility of the evidence of a promise on the part of defendant to remove the defect in the machine. A

servant assumes the risks arising from defective appliances used or to be used by him, or from the manner in which the business in which he is to take part is conducted, when such risks are known to him, or apparent and obvious to persons of his experience and understanding, if he voluntarily enters into the employment or continues in it without complaint or objection as to the hazards. (*Missouri P. R. Co. v. Baxter*, 42 Neb., 793; *Dehning v. Detroit Bridge & Iron Works*, 46 Neb., 556.) In this state this rule has been modified to this extent that where the servant in obedience to the requirements of his master incurs the risk of machinery or appliances which, although dangerous, are of such a character that they may be safely used by the exercise of reasonable skill and caution, he does not, as a matter of law, assume the risk of injury from accident resulting from the master's negligence. (*Sioux City & P. R. Co. v. Finlayson*, 16 Neb., 578; *Lee v. Smart*, 45 Neb., 318; *Dehning v. Detroit Bridge & Iron Works, supra.*) Therefore, the presumption is that a servant employing machinery obviously defective has assumed the risk occasioned by the use of such machinery, and in order to recover he must rebut that presumption, and in order to rebut it he must not only prove, but he must plead, the facts which create an exception to the rule,—as, for instance, that, on complaint to the master, a promise was made to remove the defect and the machinery was used relying upon that promise. In *Missouri P. R. Co. v. Baxter, supra*, a judgment was reversed because the petition did not plead such exceptions, and in *Dehning v. Detroit Bridge & Iron Works, supra*, an amendment had been required in a similar case

before the plaintiff was permitted to introduce evidence of such exceptions. The following cases also hold that in order for the plaintiff to avail himself of such exceptions, they must be specially pleaded: *Bogenschutz v. Smith*, 84 Ky., 330; *International & G. N. R. Co. v. Doyle*, 49 Tex., 190; *Louisville, N. A. & C. R. Co. v. Sandford*, 117 Ind., 265; *Hayden v. Smithville Mfg. Co.*, 29 Conn., 548; *Stephenson v. Duncan*, 73 Wis., 404; *Coal & Car Co. v. Norman*, 49 O. St., 598. In this case the plaintiff, without pleading the particular exception to the general rule referred to, was permitted, over objections, to introduce evidence of the existence of that exception. This was erroneous, and particularly prejudicial, because it was neither pleaded nor proved that the defect was not obvious, that the plaintiff was inexperienced, or that other circumstances existed except the one referred to which would permit a recovery, and the case finally rested largely on the fact of this promise. The judgment must be reversed and the cause remanded, with directions to the district court to permit the plaintiff, if she so desires, to amend her petition.

REVERSED AND REMANDED.