FRANK W. HAMPTON, APPELLEE, v. LINCOLN TRACTION COMPANY, APPELLANT.

FILED OCTOBER 30, 1915. No. 18331.

1. **Master and Servant:** INJURY TO SERVANT: PLEADING AND PROOF. Where an injury is occasioned by risks which were obvious and known to the employee, if he relied upon the promise of his master to remedy dangerous conditions, he should plead those facts in his petition and prove them.

2. **Pleading:** INCONSISTENT PLEAS: APPEAL: WAIVER. Where the defendant goes to trial on the issues raised by the pleadings as a

whole, without attacking the reply on the ground that it is a departure from, or inconsistent with, the petition, and the issues thus raised are tried without objections, he will ordinarily be held on appeal to have waived those objections.

3. **Appeal:** CONFLICTING EVIDENCE. A finding of the jury upon conflicting testimony will not be set aside, if there is competent evidence to support it, unless clearly wrong.

APPEAL from the district court for Lancaster county: P. JAMES COSGRAVE, JUDGE. *Affirmed.*

C. S. *Allen* and *Field, Ricketts & Ricketts,* for appellant.

C. S. *Polk* and *W. B. Comstock, contra.*

ROSE, J.

This is an action to recover damages in the sum of $10,400 for injuries alleged to have been sustained by plaintiff while in the employ of defendant. From a judgment for plaintiff in the sum of $3,600, defendant has appealed.

At the time of the accident plaintiff was employed at night, with eight or ten other men, as a car-repairer in the car barn of the defendant in Lincoln. There were a number of tracks six feet apart running into the barn from the south entrance and reaching to the north end. Between the tracks were wooden platforms running the entire length of the barn, except between tracks 4 and 5 at the north end. The platform between these tracks ended about 15 feet south of the north side of the barn. Underneath the tracks was a pit about four feet deep. Across tracks 4 and 5 and the space between, at the north end, there was a plank about 14 feet long and 12 inches wide. This was used by the workmen in passing along the north end of the building to and from the different cars. Plaintiff in his petition alleged that the place was insufficiently lighted, that the board over which he was compelled to pass was unsafe, and because of defendant's negligence in failing to furnish him a safe place to work, December 24, 1909, while engaged with another employee in carrying a controller along the plank to a car on track 4, he fell astride a rail, crushing and injuring his left testicle to

such an extent that its removal subsequently became necessary, the fall also resulting in a hernia. The answer admitted the incorporation of defendant, and denied every other allegation of the petition, and alleged that the injury, if any, was due to plaintiff's own negligence, and to risks which were obvious and the danger of which plaintiff assumed. An amended reply alleged that on or about December 14, 1909, plaintiff and other workmen had complained to the foreman about the insufficient lighting and the dangerous platform provided, and that they were promised that conditions would be remedied, and that plaintiff relied upon these promises and continued to work, but that conditions were not improved at the time of the injury.

The first assignment of error argued is that the petition fails to state a cause of action, and that plaintiff cannot recover upon the allegations of the reply. The rule has been stated as follows:

"A servant assumes the ordinary risks arising from the manner of conducting the master's business, in which he is to take part, and from the appliances used therefor, when such risks are known to him, or are apparent and obvious to persons of his experience and understanding, if he voluntarily enters into the employment, or continues in it without complaint or objections to the hazards; the presumption in such case is that such risks have been assumed by him, and in order to recover for injuries caused thereby the burden is upon the plaintiff to establish an exception to the rule." *Glantz v. Chicago, B. & Q. R. Co.*, 87 Neb. 60.

Under this rule the servant "must not only prove, but he must plead, the facts which create an exception to the rule—as, for instance, that, on complaint to the master, a promise was made to remove the defect and the machinery was used relying upon that promise." *Malm v. Thelin*, 47 Neb. 686. See, also, *Missouri, P. R. Co. v. Baxter*, 42 Neb. 793.

The cause of action should be stated in the petition, and not in the reply, but "where defendant goes to trial on

the issues raised by the pleadings as a whole, without attacking the reply in any form on the ground that it is inconsistent with the petition or that it changes the cause of action, it may be held on appeal that he waived those objections." *Lowe v. Keenes*, 90 Neb. 565.

In this case no objection was made to the reply. Objection was made to questions relating to complaints of the insufficiency of the lighting and of the platform, on the grounds that no foundation was laid, and that such questions called for incompetent, irrelevant and immaterial testimony. Defendant was apprised of the grounds of plaintiff's action, but made no objection to the manner of pleading. Under these facts the following provision of the statute is applicable:

"The court, in every stage of an action, must disregard any error or defect in the pleadings or proceedings which does not affect the substantial rights of the adverse party; and no judgment shall be reversed or affected by reason of such error or defect." Rev. St. 1913, sec. 7713.

The issue as to the promise to repair was in fact tried, and the judgment will not be reversed, under the circumstances, for the irregularity in the pleadings.

Defendant contends that the evidence is insufficient to sustain the verdict, but when all of the testimony is considered, with the inferences which may properly be drawn therefrom, it cannot be held on appeal that actionable negligence was not shown.

Error in the giving and refusing of instructions is assigned, but, under the circumstances no prejudicial error in these respects is shown.

AFFIRMED.

LETTON, J., not sitting.