JAMES R. CARNAHAN, APPELLEE, v. CHICAGO, BURLINGTON & QUINCY RAILROAD COMPANY, APPELLANT.

FILED DECEMBER 22, 1917. No. 19666.

1. **Master and Servant:** FEDERAL EMPLOYERS' LIABILITY ACT: DEFENSES: ASSUMPTION OF RISK. In cases brought under the federal employers' liability act, approved April 22, 1908, the assumption of risk as a defense is abolished only when the negligence of the carrier is in violation of some statute enacted for the safety of employees. *Jacobs v. Southern R. Co.,* 241 U. S. 229.

2. ——: ASSUMPTION OF RISK. If an employee having knowledge of a defect in machinery gives notice of the same to the employer or one who stands in his place and is promised that the defect shall be remedied, his subsequent use of the defective appliance for a reasonable time, relying on the promise, will not be held to cause him as a matter of law to assume the risk.

3. ——: FELLOW SERVANT. A section foreman who has charge of the tools and appliances used on the section, has power to hire and discharge men within certain limitations, and to direct the labor of a section laborer, is not a fellow servant of the laborer in matters regarding the condition and safety of the tools and appliances under his care and direction.

4. ——: DEFECTIVE APPLIANCES: NOTICE. As to such appliances, a complaint of defective or unsafe condition made to the foreman is a complaint to the employer, and a laborer is not required to seek out some higher official or agent of the master.

5. ——: INJURIES TO EMPLOYEES: NEGLIGENCE: INSTRUCTIONS. In an action under said statute, defendant is liable for "injury or death resulting in whole or in part from the negligence of any of

the officers, agents, or employees of such carrier, or by reason of any defect or insufficiency, due to its negligence, in its cars, engines, appliances, machinery," etc., and it is not erroneous to so instruct the jury.

APPEAL from the district court for Holt county: ROBERT R. DICKSON, JUDGE. *Affirmed.*

*Byron Clark, Jesse L. Root, J. W. Weingarten, L. C. Chapman* and *F. S. Howell,* for appellant.

*J. J. Harrington* and *M. F. Harrington, contra.*

LETTON, J.

Plaintiff in December, 1914, was a section hand in the employment of the defendant, which is an interstate carrier, and this is an action under the federal employers' liability act. 35 U. S. St. at Large, ch 149, p. 65. He was under the immediate control of one Tegner, section foreman. He was injured while attempting to lift and pull a hand-car onto the rails. The allegations of negligence are: (1) That the hand-car was in an unsafe condition, that the wheels bound, that the hind axle was lower than the front one, and that the car was generally dilapidated, shaky, unsafe and unsound. (2) That the car weighed more than 1,000 pounds and reasonably required at least three men to handle and lift it; that defendant negligently failed to have at least three men, but attempted to operate it with only two men, the plaintiff and the foreman; that plaintiff had complained of the condition of the car, and that defendant, by its foreman, had promised that if he would continue to use the car for a few days defendant would procure an additional man and would furnish a new hand-car; that plaintiff relied on the promises and continued to work for a few days thereafter until he was injured. (3) That while plaintiff and the foreman were lifting and pulling the hand-car, trying to get it upon the track, Tegner, having hold of the hand-car at one corner, "carelessly, negligently and wrongfuly and suddenly and without notice or

warning to plaintiff gave a sudden, quick lift to said
car,'' and suddenly cast upon the plaintiff a great and
unusual weight, which he was unable to sustain or
hold, which caused him to fall and injured his back
and spine.

The answer 'admits that plaintiff was in its employ-
ment as a section hand, and that Tegner was his fore-
man; that in November, 1914, while the plaintiff was
assisting in placing the hand-car upon the track, the
plaintiff slipped, fell and sustained some slight injuries
thereby; and avers that plaintiff assumed 'the risk, and
that the injury was caused by his own carelessness.

Plaintiff recovered a verdict for $8,000. A remittitur
of $2,000 was filed and judgment rendered for $6,000.

Defendant has assigned 57 errors, but these may be
considered in groups.

Did plaintiff assume the risk of injury from the de-
fective hand-car? In *Seaboard A. L. Co. v. Horton,*
233, U. S. 492, it is held that under the federal employ-
ers' liability act, 35 U. S. St. at Large, ch. 149, p. 65,
when an appliance is not included in a federal statute
enacted for the safety of employees, the common law
with reference to the assumption of risk from injury
from a defective appliance applies. In *Jacobs v.
Southern R. Co.,* 241 U. S. 229, the common-law rules
are restated, and it is said that an employee who,
after having complained and obtained a promise of
reparation, relying upon the promise, continues to
work a reasonable time, does not assume the risk,
unless it was so imminent that no ordinarily prudent
man under the circumstances would rely upon such
promise.

The evidence does not justify holding as a matter
of law that the plaintiff assumed the risk, and the cases
of *Malm v. Thelin,* 47 Neb. 686, and *Thompson v. Mis-
souri P. R. Co.,* 51 Neb. 527, cited by defendant, are
not in point. The evidence is not disputed that the
hand-car was badly out of repair; that a short time

before the accident the axle of the rear wheels had broken, and it had become necessary to substitute a truck from a push-car, the wheels of which were lower than those of the hand-car. This prevented the perfect meshing of the cogs of the propelling or bull-wheel, caused the wheels to bind and not run true, and affected the running of the car both on the rails and when on the ground. The jury might well find from the evidence that this defect on the car concurred with the violent action of the foreman in producing the accident. It seems also clear that, while two men could lift one end of this car and pull it on and off the rails, it was only by the exercise of nearly all their strength, and that if a third man had been lifting at the other end, as the custom was when three men were employed, the accident would not have happened.

It is insisted that the court erred in permitting evidence to the effect that the plaintiff had complained of the unsafe condition of the hand-car before the injury, and that the foreman told him he had a hand-car ordered and was expecting the hand-car every day; that he also said he had the privilege of putting on another man and was expecting to get one every day; that plaintiff relied upon these promises, and would have quit work if they had not been made. The contention is that, the foreman's authority being limited, no advantage could be taken by plaintiff of any promise made by him in excess of it, and that declarations of an agent are incompetent to prove his agency or the extent and scope of his power to bind his principal. The legal principle invoked is sound, but we think not applicable here. The foreman was the immediate superior of plaintiff and was the proper person to whom to make complaint. *Poli v. Numa Block Coal Co.*, 149 Ia. 104; *Collingwood v. Illinois & Iowa Fuel Co.*, 125 Ia. 537. So far as the plaintiff was concerned, the foreman represented the railroad company. He looked to him for orders, and not to the roadmaster, whom de-

fendant insists was the person to whom complaint should have been made. One can conjecture what would have happened if he had gone over the head of the foreman and attempted to complain to the roadmaster. The foreman was there all the time and the roadmaster only occasionally made visits. It was the master's duty to exercise reasonable care to furnish an appliance reasonably safe for its purpose. Its knowledge of the condition of the appliance was derived from the man to whom was committed its care and the duty of inspection. This was the foreman. In this respect he stood in the master's place; his knowledge was the master's knowledge; his negligence was the negligence of the master. The duty was nondelegable. The foreman and the plaintiff were fellow servants when they worked upon the roadbed or were doing the work that ordinary section hands perform, but when the foreman hired or discharged men, and when he furnished the tools or appliances to the plaintiff with which to work and directed the work to be done, he was a vice-principal. A promise made by Tegner with regard to a matter relating to the employment, which it would be reasonable and natural for the plaintiff to believe was within the scope of his authority, would justify plaintiff in relying upon the same and continuing work a reasonable time thereafter. *Hough v. Texas & P. R. Co.,* 100 U. S. 213; *Northern P. R. Co. v. Herbert,* 116 U. S. 642.

Defendant insists that plaintiff had no right to complain that there were not enough men employed, that the needed and customary number of men were supplied who could have handled the car if it had not been defective, and that consequently there was no negligence in failing to employ three men. If the evidence showed conclusively that two men are sufficient to handle a car of the size, weight and construction of the car in question when in proper and safe condition, this contention would be sound, but there was suffi-

cient evidence that three men were necessary in order to properly and safely handle a sound car of this class to warrant the jury in so finding.

It is next contended that the negligence, if any, with respect to the condition of the car was not the proximate cause of the injury, and that it was, therefore, error to submit the question of negligence in this respect to the jury. It is argued that the proximate cause of the injury was the sudden jerk by Tegner which resulted in throwing the car over and against the plaintiff, and it is urged that in so far as placing the car upon the rails is concerned plaintiff and Tegner were fellow servants. There might be good argument in this if the evidence was clear that the same result would have followed if the car had been in proper condition, but it seems to us that the shaky and dilapidated condition of the car caused its wheels to bind and stick, necessitating a tremendous effort and jerk on the part of Tegner in order to move it, and that the defects in the car, the shortage of man-power, and the sudden jerk combined were the proximate cause of the injury.

Complaint is made that the court erred in telling the jury it was the duty of the defendant railroad company to furnish reasonably safe instrumentalities with which its men may do their work for it, and if it negligently fails to furnish such reasonably safe instrumentalities it is liable in damages to an employee who is injured thereby, unless such employee has assumed the risk, since the law is that defendant was only bound to use ordinary and reasonable care to furnish such instrumentalities. This could not have been prejudicial, since the undisputed evidence shows that ordinary care was not used in providing a proper hand-car. The same reasoning applies as to the duty of inspection. Taking the charge as a whole the law was stated with fairness and impartiality and is applicable to the evidence.

102 Neb.—6

A number of instructions were requested by defendant and refused, but many of those requested were practically embodied in and given in the charge of the court.

The principal doubt we have had has been with respect to the proof of damages and the amount of the verdict. Plaintiff was required to remit. $2,000 as a condition to the overruling of a motion for a new trial. The trial court had plaintiff before it for several days and could better judge of his physical condition than can we, and he believed that the recovery of $6,000 was warranted by the evidence.

We find no prejudicial error, and the judgment is

AFFIRMED.

SEDGWICK, J., not sitting.