John G. Harrahill, appellant, v. Ed. Bell, appellee.

Filed June 29, 1920.   No. 21070.

Trial: Direction of Verdict. "Where the plaintiff's evidence in an action at law tends to establish every fact which he is required to prove to entitle him to a verdict, and reasonable men might differ, upon a consideration of all of the evidence, as to whether

all of the necessary facts were established, the trial court should refuse to direct a verdict for the defendant." *Straight v. Coleman.* 90 Neb. 92.

APPEAL from the district court for Lancaster county: LEONARD A. FLANSBURG, JUDGE. *Reversed.*

*S. S. Bishop* and *Burkett, Wilson & Brown,* for appellant.

*Fawcett, Mockett & Walford, contra.*

LETTON, J.

The petition alleges that the defendant, a farmer, furnished plaintiff, a farm hand, with a team of mules, wagon and harness for the purpose of hauling corn; that the mules were vicious and inclined to run away; that the harness was old and ill-fitting, and the tugs were so long that the tongue was easily dropped; that the wagon tongue dropped, the team became frightened and started to run, and plaintiff was thrown from the wagon, breaking his left ankle and suffering other severe injuries, for which he asks damages.

The answer alleged that plaintiff was familiar with the disposition of the mules, with the condition of the harness and wagon, which was open and obvious, that he assumed the risk, and that the accident was caused by the plaintiff's own carelessness. The trial court directed a verdict for defendant at the close of the evidence. Plaintiff appeals.

The evidence shows that plaintiff was experienced in farm work. He testified that the tugs were so long and the tongue so short that it was liable to drop out of the neck-yoke; that he had been using a clevis in such a way as to prevent this, but that defendant, upon being told of this, ordered him not to use it; that the harness could be used upon other wagons safely, but not upon this wagon, because of the shortness of the tongue, unless the clevis was used; and that the clevis was not used at the time of the accident. He also testifies that he told defendant he could not shorten the tugs on account of an iron

piece upon one of them which would not pass through the buckle, and denies that defendant ever told him to shorten the neck-yoke straps.

The testimony of defendant is substantially to the effect that he had directed the plaintiff to take off the clevis and shorten the tugs or breast straps; that this had .not been done; and that plaintiff immediately after the accident told him that he had the clevis in the end of the tongue; that the pin came out and let the tongue down, and the team ran away; and that plaintiff then handed him the clevis.

Plaintiff contends that the direction to shorten the tugs could not be complied with; that this fact was called to defendant's attention, but nothing was done, and plaintiff had no other recourse than to go ahead and use the equipment furnished; and that "where a servant, in obedience to the requirements of his master, uses and operates machinery which, though defective, is not of such dangerous character that it may not with reasonable probability be safely used by the exercise of reasonable skill and caution, he does not, as a matter of law, assume the risk of injury resulting from the master's negligence." *Usher v. American Smelting & Refining Co.*, 97 Neb. 526; *Lee v. Smart*, 45 Neb. 318; *Sioux City & P. R. Co. v. Finlayson*, 16 Neb. 578; *Thomsen v. Jobst*, 93 Neb. 375.

On the other hand, defendant insists that the team, wagon and harness come under the rule belonging to "simple tools," and that because plaintiff knew that the appliances were defective he assumed the risk.

The party against whom a verdict is directed is entitled to have every controverted question of fact resolved in his favor, and to have the benefit of any inference that reasonably can be deduced from the facts in evidence. The court must assume that all facts which the plaintiff's evidence reasonably tends to establish must be taken as true, unless facts to the contrary are established by uncontrovertible physical laws,

or by such an overwhelming mass of testimony that no reasonable mind could accept it as being true. We must accept, therefore, that the harness was defective when used upon the particular wagon which plaintiff was required to drive; that it was impossible to shorten the tugs; and that plaintiff was not using the clevis, which he had been forbidden to use, at the time of the accident. These facts, standing alone, would support a verdict for the plaintiff. Accepting plaintiff's evidence, defendant was negligent. The questions involved should have been submitted to the jury, and the court erred in directing a verdict for defendant.

REVERSED.

FLANSBURG, J., not sitting.