## JAMES BRIERLY *vs.* DAVOL MILLS.

Worcester. Oct. 3, 1879. — Feb. 27, 1880. ENDICOTT & LORD, JJ., absent.

In an action for the price of a loom attachment, sold under an agreement that it should work successfully, the evidence was conflicting on the point whether it did so work; and the plaintiff was permitted, against the defendant's objection, after introducing evidence that the defendant's loom and another loom were substantially alike in their mechanical arrangements, though differing somewhat in details, to put in evidence that the attachment had worked successfully on the latter loom; but the evidence as to the similarity of the two looms was conflicting. *Held*, that the evidence objected to was rightly admitted; and that the question of the similarity of the two looms was properly submitted to the jury.

CONTRACT upon an account annexed for the price of four loom attachments. At the trial in the Superior Court, before *Pitman*, J., the jury returned a verdict for the plaintiff; and the defendant alleged exceptions, the substance of which appears in the opinion.

*J. M. Morton, Jr. & A. J. Jennings*, for the defendant.

*F. T. Blackmer*, for the plaintiff.

AMES, J. It was not denied at the trial that the defendant purchased the attachments with the purpose of applying them to its own looms, which were the Davol looms, so called. The defendant contended that the contract was that it was not to pay for the attachments, unless upon trial it should be found that they would operate successfully when so applied. And evidence was introduced to the effect that one of the attachments was sent to the defendant's mill, and applied, under the plaintiff's direction, to one of the Davol looms. There was a conflict of evidence as to the success of the experiment; the plaintiff's

testimony tending to show that the loom and attachment were put in successful operation; and the defendant, on the other hand, introducing evidence tending to show that, after a trial of two or three weeks, under the plaintiff's superintendence, and after a further trial by the defendant, for several weeks, the attachment failed to work successfully, and the attempt to use it was abandoned.

To rebut the evidence of the defendant on this point, the plaintiff offered to show that the same attachment had been successfully applied to the Whitin loom, so called, and, upon objection being taken to this evidence, he was required by the court to show that the two kinds of loom were alike; and, against the objection of the defendant, the plaintiff was allowed to testify that, at the part of the loom where the attachment was applied, the mechanical arrangement of the two looms was the same, and the principle of the two substantially alike, and that the mechanical operation of the motions upon the two looms was identical. On cross-examination, he admitted that there were also certain differences of construction, width of the looms, and castings for applying the attachment; and generally there was a conflict of evidence upon the question as to the similarity of the two kinds of looms in their mechanical operation. In this state of the evidence, the plaintiff was allowed to introduce testimony to the effect that his attachment was in successful operation when applied to a large number of the Whitin looms. The propriety of allowing this evidence to be given depends entirely upon the substantial identity of the two kinds of loom. The question as to that identity, so far as the working of the looms was concerned, was for the jury, and not for the court. The jury were instructed that, in all particulars affecting the use of these attachments, if they were not satisfied that the two were substantially the same, they could draw no comparison, and must disregard the testimony as to the application of the motion to the Whitin loom; but if they were satisfied they were substantially the same, they might consider it. These instructions were carefully guarded and limited, and the verdict shows that, upon a case of conflicting evidence, the jury must have been satisfied that the identity of the two kinds of loom was sufficiently made out.                    *Exceptions overruled.*