GILBERT PAULSON and another *vs.* D. M. OSBORNE & Co.

March 12, 1886.

**Sale of Harvester with Condition for Return — Place of Return — Notice.**—Plaintiffs purchased a harvester from defendant through one K., defendant's agent. The contract provided for the delivery of the harvester to the plaintiffs at the railroad warehouse at D., and it was there delivered by K. The contract provided that if the machine could not be made to do good work, it should "immediately be returned to the agent of whom it was purchased, at his place of business." The event having authorized such a rescission, the purchasers returned the machine to the warehouse where it had been delivered to them. K. had no place of business there nor elsewhere, but was engaged travelling about the country. The purchasers gave no notice that they had elected to rescind, nor that they had so returned the property, until long afterwards. *Held,* that the plaintiffs were justified in returning the machine to the place where it had been delivered to them, that being a fit place; but that they should have also given prompt notice to the defendant.

**Same—Action for Price—Evidence of Value.**—In an action by the purchaser to recover the purchase price, evidence of the value of the property is immaterial.

**Same—Evidence as to How Machine Worked.**—Evidence that the machine ran very hard is admissible, bearing upon the issue as to whether it worked well.

**Same—Evidence as to How other Machines Worked.**—Evidence that another machine worked well in the same grain (which was very short), where this one failed, is admissible. To rebut proof that a machine was defective in its operation by reason of a fault in the plan or design of its construction, evidence is admissible that other machines exactly like that in question worked well, under the same conditions.

Appeal by defendant (a corporation) from an order of the district court for Otter Tail county, *Baxter,* J., presiding, refusing a new trial after a verdict for plaintiffs.

The warranty relied upon by plaintiffs was contained in the "order" referred to in the opinion, and was in the following words, viz.: "All our machines are warranted to be well built, of good material, and capable of cutting, if properly managed, from ten to fifteen acres per day.   If, on starting a machine, it should in any way prove defective, and not work well, the purchaser shall give prompt notice to the agent of whom he purchased it, and allow time for a person to be sent to put it in order.   If it cannot then be made to do good work, the defective part will be replaced or the machine shall immediately be returned to the agent of whom it was purchased, at his place of business, and the payment of money or notes returned.   Keeping the machine during harvest, whether kept in use or not, shall be deemed conclusive evidence that the machine fills the warranty."   The same form of warranty was under consideration in the cases of *Flatt* v. *Osborne,* 33 Minn. 98, and *Tunell* v. *Osborne,* 31 Minn. 343.

*G. D. Emery,* for appellant.

*E. E. Corliss,* for respondents.

DICKINSON, J.  This action is for the recovery of the amount of two negotiable promissory notes, which the plaintiffs gave to the defendant upon the purchase of a harvester.   The defendant indorsed the notes to another party, who recovered judgment upon them against the plaintiffs.   In selling the machine the defendant warranted it, in respect to quality and capability, and also agreed that if, on starting, it should in any way prove defective, and not work well, the purchasers should give prompt notice to the agent of whom they purchased it, and allow time for a person to be sent to put it in order. If it could not then be made to do good work, the defective part would be replaced, or the machine should immediately be returned to the agent of whom it was purchased, at his place of business, and the payment of money or notes returned.   Keeping the machine during harvest was to be deemed conclusive evidence that it was as warranted.   The evidence tended to establish the following as the facts: The machine was purchased through one Knudson, who was an agent of the defend-

ant, and who was acting as such, under the direction of another agent, one Hanson, whose place of business was at Fergus Falls. Under Hanson's direction, Knudson went from place to place selling machines, and doing whatever might be required of him. His home was on a farm a mile and a quarter from Deer Creek railroad station. He had no office or place of business at Deer Creek, nor elsewhere, unless Hanson's place of business should be deemed his also. The contract under consideration was embraced in a written or printed "order," directed to the defendant, and signed by the plaintiffs, by the terms of which the machine was to be delivered to the plaintiffs at the railroad warehouse at Deer Creek. Upon its face it appears that this order was taken by Knudson, and such was the fact. The machine was sent by Hanson, upon this order or contract, to Deer Creek, and was there delivered to the plaintiffs by Knudson, who put it together ready for operation. Knudson directed the plaintiffs to notify Hanson if anything should be wrong, as he, Knudson, would be about the country, he could not tell where. Upon trial the machine proved defective, and did not do good work. The plaintiffs notified Hanson, who sent a man to remedy the defects. After further trial, the defects still existing, the plaintiffs returned the machine to the railroad warehouse at Deer Creek, where they had received it. This was during harvest, and after some three or four days' use. There was evidence that the plaintiffs notified Hanson of the return of the machine, but it does not appear *when* such notice was given, except from the testimony of Hanson, which is to the effect that it was not until late in the year, and long after harvest. Hanson's place of business at Fergus Falls was some 40 miles from Deer Creek.

The principal questions involved in the case relate to the fact as to whether the plaintiffs did what was required of them, in respect to the return of the harvester, in order to rescind the contract. It seems probable that in making this contract a printed form was used, the terms of which were not chosen with regard to this particular case; and this may explain the provision as to a return of the property to the agent of whom it was purchased, "at his place of business," although this agent, Knudson, had no place of business. However this may be, it must be considered that it was intended by this con-

tract to authorize the purchasers to rescind if the machine could not be made to do good work; and the contract should be so construed as to make that right available. Whether or not the agent from whom the machine was purchased should have an established place of business was a matter within the control of the defendant, and not of the plaintiffs; and if he had none, the harvester might nevertheless be restored to the defendant in some manner not involving more serious inconvenience or expense to the plaintiffs than would have been involved in complying with the terms of the contract, if that had been possible. Assuming the case to have been as above stated, we are of the opinion that it would have been a substantial compliance with the contract, and all that could have been required under the circumstances, which prevented an exact performance, if the plaintiffs had "returned" the machine to the place where, by the terms of the contract, it was to be, and where in fact it was, delivered to them, that being a reasonable place; and, further, if they had seasonably notified the defendant, or some proper agent, that they had done so. But it was incumbent upon the plaintiffs, if they elected to rescind the contract of sale, and if the manner or place of the return of the machine was not such as to inform the defendant of their action, to notify the defendant that they had elected to rescind, and as to their action in returning the property. *Smalley* v. *Hendrickson,* 29 N. J. Law, 371; *Dewey* v. *Erie Borough,* 14 Pa. St. 211, (53 Am. Dec. 533;) *Moral School Tp.* v. *Harrison,* 74 Ind. 93.

This agreement required prompt action upon the part of the purchasers, if they should elect to rescind. It was provided that the machine should "immediately be returned," and that keeping it during harvest should be deemed conclusive evidence that it filled the warranty. Since, from the circumstances of the return, notice to the defendant seems to have been necessary to inform it of the plaintiffs' election to rescind, and that they had sent the machine back to the railroad warehouse, we think that the notice which it was the duty of the plaintiffs to give should have been given with promptness, and that a notice late in the year, long after harvest, the delay being unexplained, would be insufficient. For this reason a new trial must be granted.

Some other points are presented, to which we will only briefly refer. The evidence on the part of the plaintiffs as to the value of the machine was immaterial, in view of the issue made. Evidence that the machine ran very hard was admissible, bearing upon the question as to whether it worked well. Proof that another machine worked well in the same grain where this one failed, had a reasonable tendency to show that the difficulty was not in the condition of the grain, which was very short, but in the machine. The evidence on the part of the plaintiffs was of a nature to show that the machine could not be made to do good work, particularly in short grain, because of a defect in the design of a certain part. Within the decision of this court in *Frohreich* v. *Gammon*, 28 Minn. 476, (11 N. W. Rep. 88,) opposing evidence was admissible to show that other machines of the same manufacture, of the same pattern, and exactly like that in question, did good work under the same conditions. See, also, *Brierly* v. *Davol Mills*, 128 Mass. 291.

Order reversed.