GILBERT PAULSON and another *vs.* D. M. OSBORNE & Co.

May 13, 1887.

Sale—Rescission—Evidence.—Evidence *held* sufficient to sustain the verdict, and judgment affirmed.

The plaintiffs purchased of the defendant (a corporation) a harvester and binder, with the agreement that if the machine did not work well, the plaintiffs might return it and rescind the sale. Upon the purchase the plaintiffs paid part of the price in cash, and gave their notes for the balance. Afterwards the defendant sold, transferred and indorsed the notes, before maturity, to a third person, who has recovered judgment upon them. The plaintiffs, alleging that the machine did not work well, and that they returned it and rescinded the sale, brought this action in the district court for Otter Tail county, to recover the amount of the notes and the cash paid on the purchase. The action was tried before *Baxter*, J., and a jury, and plaintiffs had a verdict. Defendant appeals from the judgment.

*Russell, Emery & Reed*, for appellant.

*E. E. Corliss*, for respondents.

MITCHELL, J. It was admitted on the trial in the court below that the plaintiffs had a right to rescind the sale, and return the machine; the only issues being as to whether they had returned it at the proper place, and given defendants prompt notice of the fact. The evidence on the first question is not materially different from what it was when the case was here on a former appeal, (35 Minn. 90; 27 N. W. Rep. 203,) when we held that, under the circumstances, it was a compliance with their contract for plaintiffs to return the machine to the railroad warehouse at Deer Creek, the place where it was delivered to them by defendants' agent, provided they promptly notified defendants of the fact. We see no reason to change our opinion on that point.

On the former appeal, however, a new trial was granted, upon the ground that there was no evidence that plaintiffs had given defendants reasonable notice of the return of the machine. The evidence

on this point, according to the record before us, seems to have been somewhat mixed and scrambled in the manner of its introduction; but we think, taking the testimony of the two plaintiffs, together with the admission of defendants' agent, Hanson, that he received a letter from plaintiffs demanding a return of their notes, (although he con-- tradicts plaintiffs as to the other contents and date of the letter,) was sufficient to justify the jury in finding that plaintiffs promptly notified Hanson by mail of the return of the machine. What we have said disposes, in effect, of defendants' last seven assignments of error.

We have examined the record in connection with the other assignments, and find no substantial error. Neither do any of them involve any legal principle that calls for any extended discussion.

Judgment affirmed.