C. J. COOPER & CO., PLAINTIFFS IN ERROR, V. TRUMAN HALL, DEFENDANT IN ERROR.

1. **Sale:** WARRANTY. Where a bill of hardware was ordered of a traveling salesman, without samples, upon a warranty as to quality, for the purpose of combining the goods so ordered with other material in the manufacture of harness and upon using a part of the hardware in the manufacture of harness, it proved, upon trial, to be defective and worthless, and upon comparison it was found that the remainder of the hardware was of the same general character and apparent quality, and that the further use of the hardware in the manufacture of harness would necessarily result in a loss to the purchaser and manufacturer, he would be justified in refusing to further use the hardware, and holding it for the use of the vendor. In such case, where the purchaser acted in good faith, there would be no liability for the purchase price.

2. **Trial:** VERDICT: PRESUMPTION. Where a cause is submitted to a jury upon conflicting testimony, there being no objection to the instructions of the court, and the verdict is consistent with the line of testimony presented by one of the parties to the suit, an appellate court will presume that the jury adopted the line of testimony with which their verdict corresponds.

ERROR to the district court for Cass county. Tried below before POUND, J.

H. D. Travis, for plaintiff in error, on question of damages, cited: Milbourn v. Belloni, 34 Barb., 607. Jones v. Nathrop, 1 Pac. Rep., 435. Griffin v. Colver, 16 N. Y., 489. Milwaukee R. R. v. Kellogg, 94 U. S., 469. Bird-

*sall v. Carter*, 11 Neb., 143. Field on Damages, sec. 281. On retaxation of costs, cited: Maxwell's Justice, 72. *Bliss v. Long*, 5 Ohio, 276. *Russell v. Giles*, 31 Ohio State, 293. *Stokes v. Kare*, 11 Wis., 389.

S. F. *Rockwell*, for defendant in error, cited: *Faulkner v. Klamp*, 16 Neb., 179. *Birdsall v. Carter*, 11 Id., 143.

REESE, J.

This action was originally instituted before a justice of the peace in Cass county. After trial and judgment the cause was removed to the district court by appeal, where a jury trial resulted in a verdict for defendant, and upon a judgment being rendered thereon, the plaintiff brings error to this court.

The plaintiff's action was founded upon an account for merchandise, consisting of saddlery and harness hardware, amounting to the sum of $39.22. Defendant, by his answer, admitted the purchase of the hardware, by order, through a salesman of plaintiff, but alleges that it was warranted to be of good quality, and that if not so found upon trial, it need not be paid for. That upon such trial it was found to be worthless, and could not be used in the manufacture of harness, and that many of the harness in which it was used were returned broken, by the failure of the hardware to answer the purpose of its manufacture, and other material had to be used instead. It is alleged that the hardware was worthless and of no value. There are other allegations in the answer which need not be noticed.

The verdict of the jury was in favor of the defendant, but allowing him no affirmative damages.

The testimony was conflicting. On the part of defendant, upon whom was the burden of proof, it was to the effect that he gave the order to the traveling salesman,

without samples and upon the warranty alleged.    That upon the receipt of the hardware he began its use at once in the manufacture of harness, but that in a few days the harness began to be returned for repairs, owing to the breaking of the hardware used.    That he ascertained by examination that the breakage was caused by defective material and manufacture, and substituted other hardware of a different manufacture, which gave satisfaction.    That upon examination and comparison he discovered that the unused portion of the hardware was of the same general appearance and quality of that which had proved worthless, and he had declined to use it further and had returned it to the express office.    If this testimony was true, the verdict was right.    As to its truth, the jury were the judge, and their verdict could not be molested as being against the evidence.

It is insisted that plaintiffs should have recovered a judgment for some amount, as it is not claimed that all the hardware was shown to be defective.    While this may, in a sense, be true, yet we could not reverse the judgment on this ground, for, if plaintiff is to be believed, his testimony did tend to prove the worthless character of substantially all by a comparison of that part which was proven bad with that which was not tested.    But we cannot agree with plaintiff's counsel that the rule contended for should govern.    It was not the purpose of the manufacturer of the hardware that it should be used independently, but, upon the contrary, its value consisted in its being combined with other material in the manufacture of harness, etc. If this hardware, upon trial, proved to be worthless—and of that it was the province of the jury to decide—it would have been folly for defendant to have continued its use in such manufacture, with the consciousness that it must result only in loss.    The bill consisted of such hardware as usually enters into the manufacture of harness.    If the material was so defective as to render the harness, when

made, of less value than if composed of good material—so far as the hardware was concerned—and of this fact the jury were the judges—defendant would be justified in refusing to use it and hold it subject to plaintiff's order.

It is contended that the jury failed to follow the instructions of the trial court as to the measure of damages. This contention is based upon the assumption that damages were allowed for loss of custom growing out of defective harness sold by defendant, as a result of the bad material purchased by him, of the plaintiff. There is nothing shown in the record by which it appears that any such damages were allowed by the jury, and we cannot presume that such was the case. The instructions of the court gave no directions of that kind, and no affirmative damages are shown by the verdict.

After judgment had been rendered plaintiff filed a motion by which he sought an order requiring the clerk to tax the costs made by each party separately, and that only the costs of the defendant be included in the judgment recovered by defendant.

As to the second clause of this motion, it must be sufficient to say that the judgment rendered was all that could have been done, had the motion been sustained. It is, that defendant "recover of and from the said plaintiff his costs in and about this suit in that behalf expended," etc. As to the first clause of the motion, asking that the costs be taxed separately, the motion should have been sustained.

Section 30 of chapter 28 of the Compiled Statutes of 1885 is as follows: "In all actions, motions, and proceedings, in the supreme, district, or justices' courts, the costs of the parties shall be taxed and entered on the record separately." This provision of the statutes should have been complied with. This error, however, will not require the reversal of the judgment in favor of defendant, upon the merits of the case, but only so far as to correct the error found in the record.

The order overruling the motion for a new trial and ren-

dering judgment in favor of defendant is affirmed, and the order overruling plaintiff's motion for a separate statement of the costs is reversed and the motion sustained.

The cause is remanded that this order may be complied with, with directions to tax the costs of the bill of exceptions against plaintiff in error.

JUDGMENT ACCORDINGLY.

THE other judges concur.