ROBERT WALLACE, PLAINTIFF IN ERROR, V. DORA
FLIERSCHMAN, DEFENDANT IN ERROR.

1. **The Evidence** examined, and *Held,* To sustain the findings of
the trial court.

2. **Costs.** In all actions, motions, and proceedings in the district
court the costs of the parties should be taxed and entered on
the record separately.

ERROR to the district court for Cass county. Tried
below before CHAPMAN, J.

*H. D. Travis,* for plaintiff in error.

*E. H. Wooley,* for defendant in error.

REESE, J.

This action was for the enforcement of a mechanic's lien.
Plaintiff being unsuccessful in the district court, prosecutes
error here. The petition was in the usual form. The
answer contained averments to the effect that the building,
for the construction of which the alleged indebtedness was
made, was constructed by plaintiff and one Lehman, who
were partners, and that the whole indebtedness had been
paid. The district court found these allegations sustained
by the proof. There seems to be no doubt but that the
money due for the construction of the building has all been
paid, but it appears that the principal part of it was paid
to Lehman, who, defendant insists, was a partner of plaint-
iff in doing the work, while plaintiff contends that Lehman
was not a partner, and was only entitled to collect such
proportion of the contract price as the time worked by him
sustained to the whole time engaged in the construction of
the improvement.

We have carefully read all the testimony, and, while it

is not so definite and direct on the part of defendant as might be desired, we are quite clear that there is enough to sustain the finding of the trial court. It could serve no good purpose to review the evidence at length. It must be sufficient to say that if the testimony of defendant was true—and of that the district court was the judge—it was sufficiently proven that the contract for the erection of her house was originally let to Lehman for the sum of $115, but plaintiff afterwards claimed that the price was too low, and it was increased to $130, and that the principal part of the money paid to Lehman was divided between him and plaintiff, the receipts therefor being given in the firm name of Lehman & Wallace. The finding, therefore, can not be molested.

After judgment plaintiff moved the court to order a re-taxation of the costs, and that they be separately taxed, as required by law. This motion was overruled. The judgment itself is correct in form, "That defendant recover her costs." But, as is shown by the record, the clerk entered up all the costs in one general fee bill, without taxing them separately, as required by section 30 of chapter 28 of the Compiled Statutes.

The duty of the clerk is plain in this matter, and had the attention of the trial court been called to the fact we doubt not he would have directed the clerk to follow the statute, but it was not done, and as the matter was presented by the motion it should have arrested the attention both of the court and clerk. The result is, no doubt, an oversight, but it is erroneous, nevertheless.

The decree of the district court upon the merits of the cause is affirmed, but the order on the motion to require the clerk to separately tax the costs is reversed and the cause remanded, that the requirements of the statute may be complied with.

JUDGMENT ACCORDINGLY.

THE other judges concur.