C. A. KISSINGER v. M. V. STALEY.

| 44 | 783 |
| 47 | 689 |

FILED APRIL 16, 1895.    NO. 6334.

1. **Review of Rulings on Evidence.** In order to render the error, if any, in the admission of testimony by a trial court available, where the evidence was given before any objection was made to its introduction, it must appear that a motion was made to strike such evidence from the record, a ruling of the trial court obtained thereon and exception taken thereto.

2. **Taxation of Costs.** "In all actions, motions, and proceedings in the supreme, district, or justice's courts the costs of the parties shall be taxed and entered on the record separately." (Sec. 30, ch. 28, Compiled Statutes, 1893.)

3. ———: JUSTICE OF THE PEACE. A judgment of a justice of the peace was as follows: "It is therefore considered by me that the plaintiff recover from the defendant the sum of $7.48 and his costs herein expended, taxed at $37.55, as follows: See margin." *Held*, To be correct in form in its reference to costs, as it only allowed the recovery by plaintiff of his costs expended in the suit; and further, that separately stating or entering the costs in itemized tables on the margin of the record was a suffi-

cient compliance with the requirements of the law in regard to separate taxing and entering the costs on the record.

4. ————: PRESUMPTION OF REGULARITY. Where from statements in the record it appears certain items of the costs as taxed are proper charges, in the absence of any showing to the contrary they will be presumed to be correct.

5. Justice of the Peace: TRIAL: FEES OF CONSTABLE. No fee is allowable by law to a sheriff or constable for attendance during the trial of a civil case before a justice of the peace.

ERROR from the district court of Pierce county. · Tried below before JACKSON, J.

*H. F. Barnhart,* for plaintiff in error.

*C. B. Willey, contra.*

HARRISON, J.

January 18, 1893, the defendant in error commenced an action before a justice of the peace in Pierce county, against the plaintiff in error, claiming in his bill of particulars the sum of $42.50, and praying judgment therefor. After summons served, etc., the plaintiff in error appeared and on his application a continuance of the cause was granted for thirty days, at the expiration of which time plaintiff in error filed an answer, or, as stated in the entries on the docket made by the justice, "parties appeared and defendant filed counter-claim asking for judgment of $11.36." Plaintiff in error demanded a jury, which was called, and as a result of a trial of the issues, the defendant in error recovered a verdict, upon which judgment was rendered in his favor. Plaintiff in error presented a motion to retax the costs, which was overruled, and to correct the alleged error in the ruling on the motion, and other errors claimed to have been committed by the justice during trial, the case was removed to the district court of Pierce county, where, on hearing, the rulings and judgment of the justice of the peace were affirmed and the case has been brought

to this court to obtain a review of the decision of the district court and rulings of the justice of the peace. In the bill of exceptions, in which were preserved portions of the proceedings during the trial before the justice, appears the following:

"Be it remembered that on the trial of this cause by a jury before me, J. B. Short, a justice of the peace in and for Pierce precinct, Pierce county, Nebraska, at my office therein, on the 23d day of February, 1893, the plaintiff, to maintain the issues on his part, called as a witness Charles E. Staley, who being sworn as required by law testifies as follows: 'That at some time before he [witness] and Attorney Moyer were to see Kissinger at Osmund, Nebraska, and prior to bringing this action, that in a conversation between them and Kissinger at the time, he, Kissinger, said that he had offered prior to that time to pay Staley, the plaintiff, some six or eight dollars in settlement of his claim.'. To which testimony the defendant objected, for the reason that the same was incompetent, irrelevant, and immaterial, and for the further reason that if said offer was made at all it was made for the purpose of avoiding a lawsuit, which objection was overruled by the court; to which ruling of the court the defendant then and there duly excepted."

It is argued that the evidence which was admitted by the justice, as stated in the foregoing quotation from the bill of exceptions, contained an offer of compromise and settlement and should have been excluded. It will be noticed that, so far as the record discloses, this evidence was given in a narrative form and not in answer to any question which preceded it. If there was a question asked the witness to which this testimony was responsive, such fact is not shown by the record. Nor did the plaintiff in error, so far as is disclosed by the record before us, move to have the testimony, the reception of which it is claimed was objectionable and prejudicial to his interests, stricken

54

out. If the testimony, of the admission of which complaint is made, was erroneous, it cannot avail the plaintiff in error, for the reason that the record is not in such condition as to raise or present the question of the correctness of its admission. If it was given in response to an interrogatory, there should have been a proper objection to the interrogatory and a ruling obtained thereon, and, if adverse, an exception taken. If the evidence claimed to be objectionable was recited in a narrative form or volunteered by the witness, or if given in answer to a question and being as an answer in its entirety, or as a portion of it, not responsive to such question, there should have been a motion to strike it out and, if overruled, an exception taken. (*Palmer v. Witcherly*, 15 Neb., 101; 1 Thompson, Trials, secs. 716, 718; *Clanin v. Fagan*, 24 N. E. Rep. [Ind.], 1044; *Hangen v. Hachemeister*, 5 L. R. A. [N. Y.], 137.)

It is urged that the justice erred in the portion of the judgment rendered which referred particularly to the costs, in that they were not taxed separately. The judgment in the case was in words and figures as follows: " It is therefore considered by me that the plaintiff recover from the defendant the sum of $7.48 and his costs herein expended, taxed at $37.55, as follows: See margin." And on the margin the costs were itemized and tabulated, such as were made by the parties respectively being stated separately under the appropriate heading. The judgment in form was correct, as it only allowed the recovery by the plaintiff from defendant of his costs expended in the suit. (*Cooper v. Hall*, 22 Neb., 171.) Section 30 of chapter 28, Compiled Statutes, 1893, (Consolidated Statutes, sec. 3030,) is as follows: " In all actions, motions, and proceedings in the supreme, district, or justice's courts the costs of the parties shall be taxed and entered on the record separately." Inasmuch as the costs in this action were arranged in separate itemized tables and designated in such a manner as to show which were made by either party to the suit, we are

satisfied that the requirements of the section of the statutes on that subject were sufficiently fulfilled, and the fact that in the judgment there appeared a statement of the entire costs was not such error, if erroneous, as to call for a reversal of the ruling on the motion to retax the costs.

It is claimed that the sheriff charged twenty-five cents for serving each subpœna and a like amount for each copy, and his returns to the writ show that there was personal service, and that it is only when personal service of a subpœna issued from justice court cannot be made that the use of a copy becomes necessary. Sections 962 and 963 of the Code of Civil Procedure are as follows:

"Sec. 962. Any justice may issue subpœnas to compel the attendance of witnesses to give evidence on any trial pending before himself or for the purpose of taking depositions, or to perpetuate testimony.

"Sec. 963. A subpœna may be served by a constable or any other person, and shall be served by reading the same or stating the contents thereof to the witness, or by leaving a copy thereof at his usual place of residence."

There is nothing in the record presented here, however, from which we can determine whether the service of the subpœnas was personal or not. All that we have is the statement made in the list of the costs, and from them it appears that a charge has been made for service and for copies, and in the absence of anything to the contrary in the record we must presume that these statements were taken from the returns and were correct, and if so there was no error in so entering them, or overruling the motion to retax them.

It is further stated that the officer charged $1.85 for serving the venire for the jury; that this was not the correct amount which should have been charged, according to facts stated in the returns of such service. The return is not in the record in this court, and we have and are furnished with no other means of arriving at a conclusion as

to the correctness of the charges made by the sheriff and must be governed by the record and cannot presume it to be erroneous.

It is further alleged that the justice charged fifteen cents for filing a motion, and that the charge should have been but ten cents. By the only entry we can discover where a charge is made for filing a motion, the charge stated is ten cents; hence this objection must be held to have no force.

It is also stated that there appears a charge by the justice for a "record," for which there is no warrant in law. We have been unable to discover any provision for any such fee or charge by the justice of the peace and are satisfied that this portion of the costs was incorrect and should not have been taxed. The officer (in this case the sheriff) was allowed the sum of $2 for two days' attendance before the justice, presumably for one day on the date the application for continuance was made and granted and for one day when the trial occurred. Counsel for plaintiff in error contends that there is no provision in our law for the allowance of any fee to the officer for his attendance at a trial in a civil case before a justice of the peace. Section 976 of the Code of Civil Procedure, which applies to justice court, states that he shall attend. It reads as follows: "The constable or sheriff shall be in attendance on the court at and during the progress of the trial," etc. In regard to the compensation to be received by the officer for such service, the law-makers have not apparently at all times been of the same opinion. In section 5 of the fee bill as it existed in 1886 (see Rev. Stats., p. 163, ch. 19, sec. 5.) the sheriff was allowed $1.50 for opening court and attending thereon. This referred, presumably, to the district court, as we find the further statement in section 6: "The sheriffs of the several counties of this territory, for performing the duties required by law to be performed by them in the probate or justice court, shall receive the same fees as are allowed for similar service in the district court, to be taxed against

the proper party or parties by the probate judge or justice."
In 1871 section 5 was amended, but not in the particular
portion now under consideration. (See Session Laws, 1871,
p. 108.) In 1875 (see Session Laws, 1875, p. 80) section
5 of the fee bill was amended; although the act purported
to amend section 5 of chapter 22, chapter 19 was evidently
intended (see *Lancaster County v. Hoagland*, 8 Neb., 38);
and it is further enacted, "Opening and attending on pro-
bate and justice's court, one dollar and fifty cents, to be
taxed as other costs in such courts." (Session Laws, 1875, p.
82, sec. 1.) In 1877 (see Session Laws, 1877, p. 40) sec-
tions 5 and 6 of chapter 19 of the Revised Statutes of 1866
were amended, and section 5, as amended, contained no state-
ment in regard to fees of the sheriff in either county or jus-
tice's courts, and section 6 was amended to read as follows:
"For performing the duties required by law to be performed
by them in the county court, sheriffs shall receive the
same fees as are allowed for similar services in the district
court, except for attendance on the county court, to be taxed
against the proper party or parties by the county judge."
Neither, as will be noticed, containing anything in relation
to a fee for attendance of the officer in a justice's court, the
provision for such fee being entirely omitted from the last
amendatory act. This act of 1877 also repealed the act to
amend section 5 of chapter 22, approved February 25, 1875,
to which reference was heretofore made, and also repealed
all acts and parts of acts inconsistent with its provisions.
From this it seems that there is no law in force which al-
lows the sheriff any fee for attendance during the trial of a
civil action in a justice's court, and the taxation of the sum
of $2 as a part of the costs in the case at bar for such at-
tendance was erroneous. This completes the consideration
of all the points argued by counsel for plaintiff in error in
the brief filed in this court, and it follows from the conclu-
sions reached that the ruling of the district court affirming
the judgment of the justice of the peace upon the merits of

the case must be affirmed, and the order in relation to the motion to retax the costs must be reversed and the case remanded for further action. (*Wallace v. Flierschman*, 22 Neb., 203; *Cooper v. Hall*, 22 Neb., 171.)

JUDGMENT ACCORDINGLY.