### THE CONTINENTAL MATCH COMPANY v. WILLIAM R. SWETT.

Where the defence to a suit by an artisan for breach of a contract of employment is the incompetency of the plaintiff, rebutting proof need not be limited to work done for the defendant.

---

On *certiorari* to Passaic Common Pleas.    On appeal from a Court for the Trial of Small Causes.

Argued at November Term, 1897, before Justices VAN SYCKEL, DIXON and COLLINS.

For the plaintiff, *H. Kettell.*

For the defendant, *William W. Watson.*

The opinion of the court was delivered by

COLLINS, J.   This suit was by an artisan for breach of a contract of employment.   The defence was incompetency of the plaintiff justifying his discharge.   The proof to support the defence was that the product turned out by the plaintiff for the defendant was defective.   In rebuttal, after testimony tending to show that in the defendant's factory unsuitable materials were furnished to the plaintiff, it was proved under objection that in another factory the product of the plaintiff's work in the same capacity was satisfactory.   The admission of that evidence is now claimed to have been erroneous because the facts proved were *res inter alios acta*.   Such collateral facts are generally incompetent as evidence (*Temperance Hall Association* v. *Giles*, 4 *Vroom* 263), though there are exceptions to this rule (7 *Am. & Eng. Encycl. L.* 58) within which the challenged proof might fall.   One in close analogy to some features of such proof is found in the case of *Brierly* v. *Mills*, 128 *Mass.* 291.   There the plaintiff was to furnish loom attachments that would work successfully on the defendant's looms.   The defendant refused to accept the attachments, on the ground that they were not successful.   In a suit for the price the plaintiff claimed that the defendant's test was not fair, and he was permitted to show that the appliances worked successfully on looms substantially like defendant's, though differing in details.

We think, however, that the rule itself has no bearing on the case in hand.   The competency or incompetency of the plaintiff was the issue, and the natural proof was the character of his work under proper conditions.   Suppose the defendant had broken the contract as soon as made, on learning of the plaintiff's incompetency, would it not have been lawful, in a suit for the breach, for the defendant to show such incompetency by proof of the result of the plaintiff's work for other employers?   No one can deny that such proof would be competent or that it could be met by counter-proof of the same character.

In the common case of an action by servant against master

for personal injury resulting from the acts of an incompetent fellow-servant, it is permissible to show the incompetency by such proof. Indeed, it can hardly be shown in any other way. Of course, in such a case, knowledge, or means of knowledge, of the incompetency must be brought home to the master, but the incompetency itself may be shown by proof of collateral facts. *Baulec* v. *New York and Harlem Railroad Co.*, 59 *N. Y.* 356. Competency may be proved in like manner.

It is further objected that the service of the plaintiff in the other factory was after his discharge by the defendant. That circumstance affects only the weight of the evidence, not its relevancy. The range of such proof in the matter of time must be left largely to the discretion of the trial judge.

It was contended that the proof was hearsay. This objection is not apparent from the state of the case, and is not alleged in the causes assigned for reversal.

The only other error suggested is that the judgment exceeded the demand. This seems to be unfounded. The demand was for $200 and the judgment for $114.32. The contract alleged to have been broken was that the plaintiff should have a month's notice or a month's wages in case of discharge, and presumably the damages were correctly assessed. True, it was recited in the state of demand that the wages were to be at the monthly rate of $103, while the verdict was for $108.32 and interest, but the recital was evidently a mistake, and, as the demand was ample, such mistake cannot be used to the defendant's advantage.

The judgment of the Common Pleas will be affirmed.