MCCORMICK HARVESTING MACHINE COMPANY v. W. J. KNOLL.

FILED FEBRUARY 23, 1899. No. 8729.

1. **Sales:** BREACH OF WARRANTY: RESCISSION. If a contract of sale of personalty is executory and accompanied by a warranty of the quality of the property or that it is to be fit or suitable for a specified purpose, and if it is not, may be returned, and the consideration not paid, there may be a rescission for a breach of the warranty.

2. ——: ——: ——: NOTICE. To work a rescission there must be notice thereof to the vendor and an offer to return the property.

3. ——: ——: ——: ——. The offer to return shown in the
present case *held* sufficient, in view of all the facts and circum-
stances of the transaction.

ERROR from the district court of Buffalo county.
Tried below before WESTOVER, J. *Affirmed.*

*Ricketts & Wilson,* for plaintiff in error.

References: *McCormick v. Martin,* 32 Neb. 723; *Mondel
v. Steel,* 8 M. & W. [Eng.] 858; *Thornton v. Wynn,* 12
Wheat. [U. S.] 183; *Lyon v. Bertram,* 20 How. [U. S.] 149;
*Muller v. Eno,* 14 N. Y. 597; *Voorhees v. Earl,* 2 Hill [N.
Y.] 288; *Cary v. Gruman,* 4 Hill [N. Y.] 625; *Kauffman
Milling Co. v. Stuckey,* 16 S. E. Rep. [S. Car.] 192; *Minne-
apolis Harvester Works v. Bonnallie,* 13 N. W. Rep. [Minn.]
149; *Knoblauch v. Kronschnabel,* 18 Minn. 300; *Mandel v.
Buttles,* 21 Minn. 396; *Lynch v. Curfman,* 68 N. W. Rep.
[Minn.] 5; *Volland v. Baker,* 32 Neb. 391; *Frohreich v.
Gammon,* 11 N. W. Rep. [Minn.] 88; *Thoreson v. Minne-
apolis Harvester Works,* 13 N. W. Rep. [Minn.] 156.

*B. O. Hostetler,* contra.

HARRISON, C. J.

In this, an action on a promissory note which was exe-
cuted to evidence an indebtedness incurred in a contract
of purchase by the maker of the note of a "harvester," or
what is ordinarily termed a "self-binder," it was alleged
in the answer that the machine was represented or war-
ranted to be one which would satisfactorily perform the
labors for which it was apparently designed, but had en-
tirely failed and was as a machine worthless, and when
such fact was discovered was by the party sued for its
purchase price, "turned over" to the company, and held
subject to its order and control. Issues were joined, and
a trial thereof resulted in a verdict and judgment for the
defendant.

For the company in this, an error proceeding in its be-

half to this court, it is urged that the trial court erred in giving in its charge to the jury the following: "Should you find from a consideration of all the evidence that the plaintiff's agent warranted said machine as alleged in defendant's answer, and that it failed to answer its warranted character, and properly perform the work for which it was purchased, as well as the average self-binding harvesting machine; that defendant repeatedly notified plaintiff's agent, and that plaintiff's agents repeatedly tried to fix said machine and make it work properly, but as often failed to do so, and that defendant finally turned the same over to plaintiff, or notified plaintiff's agent that he could take the machine away, then it would be your duty to find a verdict for the defendant."

From the brief filed for the plaintiff in error we gather that the main point of the argument relative to the erroneous nature of the instruction we have quoted may be said to be that the defense in the action was one for a breach of warranty, and that the liability for a breach of warranty of an article, the subject of a contract of sale, in the absence of fraud or a specific provision for a rescission, is solely for damages, and that the instruction given was violative of this doctrine, in that it recognized a rescission as one of the remedies which might be successfully resorted to by the party who was the sufferer by a breach of warranty. In this connection it is also argued that, if it be conceded there was a warranty and breach thereof, no damages were shown; that there was no competent evidence of damages. As we view the evidence in this cause, we need not determine the general rule in regard to the liability for the breach of a warranty. There was evidence introduced which, although somewhat indefinite and unsatisfactory, would possibly sustain a finding that the contract was to the effect that if the machine was not as represented or warranted it was to be returned, and if this was true, there could be a rescission for a breach. (*Sycamore Marsh Harvester Co. v. Grundrad*, 16 Neb. 529.)

There was ample evidence to sustain a finding that the contract was executory, that the machine was warranted as to quality to be fit and suitable for a stated specific purpose; and although conflicting on the subject, there was evidence sufficient to support a decision that the machine was unfit for the purpose for which it had been obtained, and did not fulfill the spirit or terms, even, of the representations or warranty. The evidence was to the effect that the machine was taken under an agreement to try it, and if it was satisfactory or as warranted, the vendee was to pay for it; if not as represented, then there was to be no payment,—or, in other words, it was not a sale. Under such facts and circumstances a rescission was proper for a breach of the warranty. (*Cooper v. Hall,* 22 Neb. 168, 28 Am. & Eng. Ency. Law 818, 819 and notes.)

It was shown that the defendant notified the agent of the company of a rescission of the contract and offered to deliver the machine to said agent. Of this offer there was not proven a direct refusal, but it was testified that the agent requested a further trial of the machine, which was not granted; but within the terms of the contract there was a sufficient tender of a return of the machine. (*Close v. Crossland,* 47 Minn. 500; *Paulson v. Osborne,* 37 Minn. 19; *Champion Machine Co. v. Mann,* 42 Kan. 372; *Thayer v. Turner,* 8 Met. [Mass.] 550; *Barnett v. Stanton,* 2 Ala. 181; *Thornton v. Wynn,* 12 Wheat. [U. S.] 183; *Sycamore Marsh Harvester Co. v. Grundrad, supra.*)

The instruction of which complaint was made was applicable to the evidence and within the governing rules of law; hence was not erroneous. It follows that the judgment will be

AFFIRMED.