## BASKERVILLE, et al, v. JOHNSON et al.

Where a contract for the sale of a threshing outfit contained a written warranty that the machine was well made and of good material, and the title and right of possession was retained in the vendors untill full settlement was made therefor, the contract did not constitute an immediate sale, but was only an agreement for sale with a warranty and right of inspection and rescission for a breach of contract, as provided by Rev. Civ. Code, §§ 1299, 1301, 1339, 1340.

Where a contract for the sale of a threshing outfit warranted the same to be well made and of good material, and on a delivery being tendered it appeared that most of the machine was apparently old, out of order, and put together in a bungling manner, the buyers were justified in refusing to accept the same and in rescinding the entire contract.

(Opinion filed, Oct. 3, 1905.)

Appeal from Circuit Court, Brookings County. Hon. JULIAN BENNETT, Judge.

Action by M. R. Baskerville and another against Thomas N. Johnson and others. From a judgment in favor of plaintiffs, defendants appeal. Affirmed.

*Hall, Lawrence & Roddle,* for appellants. *Mathews & Stewart* and *Jenkins & Jackson,* for respondents.

FULLER, P. J. The substance of the contract, made the basis of this action to recover the purchase price of certain personal property, may be stated thus: On the 2nd day of September, 1901, the parties to the controversy entered into an indivisible executory contract, by the terms of which appellants sold, subject to a written warranty, and agreed to deliver to respondents at the city of Brookings, a threshing outfit, consisting of a grain separator, wind stacker, and self-feeder, manufactured by the Advance Thresher Company of Battle Creek, Mich., and in consideration therefor respondents agreed to pay all freight charges from the factory at the time of delivery at Brookings, and to execute two secured notes, aggregating $955, payable to appellants, together with 7 per cent. interest from date until paid. From a personal inspection of such property immediately upon its arrival on track at Brookings, respondents unanimously concluded that it was not suitable for the purpose intended, nor such as their contract called for, and thereupon refused to receive or settle for the same or any part thereof. This appeal is from a judgment dismissing the action and from an order overruling a motion for a new trial.

According to the written warranty, which constitutes a part of the contract under which the machinery was "ordered, purchased, and sold," the same is guarantied, among other things, to be "well made and of good material," and the title and right to possession is retained in the vendors until full settlement is made therefor by the execution and delivery of the above-mentioned promissory notes secured by chattel mortgage. The intention of the parties that the title should not immediately pass being thus plainly expressed, the transaction evidenced by their written agreement does not constitute a sale, but "an agreement for sale" with a warranty and the right of inspection and rescission in case of a breach of contract. Rev. Civ. Code, §§ 1299, 1301, 1339, 1340; J. I. Case Threshing Machine

Co. v. Eichinger et al, 15 S. D. 530, 91 N. W. 82; Schwartz et al. v. Church of the Holy Cross of Minneapolis 62 N. W. 266; Mobile Fruit & Trading Co. v. McGuire et al. 83 N. W. 833.

Although respondents bargained for a new outfit to be made of good material and capable of performing the work for which it was intended, the evidence is abundantly ample to justify the jury in finding that the most of it was apparently old, out of order, and put together in a very bungling manner. Consequently they were not bound to receive any part of such machinery, and the rescission of the entire contract was fully justified. Rubin et al v. Sturtevant et al., 80 Fed. 930, 26 C. C. A. 259; Bush v. Fisher, 85 Mo. App. 1; Smith v. York Manufacturing Co., 58 N. J. Law, 242, 33 Atl. 244; McCormick Harvesting Machine Co. v. Knoll, 57 Neb. 790, 78 N. W. 394; Munford v. Kevil et al. 58 S. W. 703.

A careful examination of every assignment of error argued in the brief of counsel for appellant results in the conclusion that no errors of law occurred at the trial, and the judgment appealed from is affirmed.