MARY A. BAKER *vs.* CHAUNCEY G. HARRINGTON & another.

Worcester.   October 1, 1907. — October 15, 1907.

Present: KNOWLTON, C. J., MORTON, BRALEY, SHELDON, & RUGG, JJ.

*Evidence,* Of experiments.

At the trial of an action for personal injuries alleged to have been received by the plaintiff in falling down improperly lighted stairs in a building of the defendant, it was admitted that a gas jet at the top of the stairway was not lighted at the time of the accident, but a question at issue was whether light from outside sources sufficiently illuminated the stairs. The defendant called a witness who testified that he had made observations of the lighting on a date considerably after the accident to the plaintiff, but at a time of day corresponding, with regard to sunset, with the time of the accident and under conditions as to surrounding lights which the jury would have been warranted in finding were the same as those existing at the time of the accident. The presiding judge, subject to exceptions by the plaintiff, then permitted the witness to testify in detail with regard to his observations, and in his charge to the jury instructed them that,

unless they found that the conditions existing when the witness made his observations were "precisely the same as at the moment" when the accident to the plaintiff occurred, they should disregard the testimony. *Held,* that the testimony properly was admitted by the judge in the exercise of his discretion, and that his instructions carefully guarded the jury from making any improper use of it.

TORT for personal injuries alleged to have been received by the plaintiff by reason of her falling down improperly lighted stairs in a building in Worcester owned and controlled by the defendant on December 7, 1905. Writ in the Superior Court for the county of Worcester dated October 11, 1906.

There was a trial before *Gaskill,* J., at which the fact that a gas jet at the head of the stairs down which the plaintiff fell was unlighted at the time of the accident was uncontroverted, but the question whether, without such light, the stairway was sufficiently lighted from other sources was in controversy.

The defendant introduced evidence as to what light illuminated the stairway at the time of the accident, and then introduced the testimony of one Garvey, an employee in the city engineer's office, and of one Knight, head of the street lighting department of Worcester, to the effect that in April, 1907, they had gone to the place of the accident and made observations at a time of day corresponding, with regard to sunset, with the time of day when the accident to the plaintiff had occurred, and under circumstances when the light illuminating the stairs from other sources than the gas jet at the head of the stairway was at least not greater than it was at the time of the accident, and when the gas jet at the head of the stairs was not lighted. Against objections and subject to exceptions by the plaintiff, they were permitted to give the result of their observations which were, in substance, that the stairs under those conditions were lighted sufficiently. The jury made a special finding that the plaintiff was not in the exercise of due care.

Other facts are stated in the opinion.

*H. L. Parker, Jr.,* for the plaintiff.

*C. C. Milton,* for the defendant, was not called upon.

RUGG, J. A material dispute between the parties at the trial was as to the amount of light thrown upon the hallway and stairs, where the plaintiff fell, by lights after nightfall from the neighboring streets and stores, the plaintiff claiming that the hallway

was so dark that she could not distinguish the head of the stairs. The defendant thereupon called witnesses, who were permitted to testify, against the exception of the plaintiff, that the light from these outside sources illuminated the hall, so that the head of the stairs could be seen plainly along the course of the plaintiff's footsteps immediately preceding her fall. This testimony was based upon observations made by the witnesses a considerable time after the accident. The trial court must have determined, as a preliminary question, before admitting the evidence, that the conditions were substantially the same at the time of the observations testified to as they were at the time of the injury. But he further instructed the jury as follows: " I admitted evidence of certain tests or certain observations on a Sunday night not far back. Now, those tests are of no importance unless the conditions under which they were made are precisely the same as the conditions existing at the time of the accident. There is some contradiction as to how many lights on the opposite side of the street were lighted at that time, possibly as to how many there were in front of Easton's store, and you have heard Mr. Smith . . . who told you when they were put in and all of them prior to . . . [the date of the accident]. Mr. Knight has testified, and others have, with reference to the arc light. . . . So, too, it is not a question as to one who has exceptionally good eye-sight, but it is one who has practically the same eye-sight as the person using the stairs at the given time. So, gentlemen, I instruct you, unless you find the condition existing on the Sunday night when . . . [the witnesses] . . . made their observation, precisely the same as at the moment when Mrs. Baker went through the hall and fell down the stairway, you are to disregard it." In *Dow* v. *Bulfinch*, 192 Mass. 281, it was said by Hammond, J., " The question whether evidence of experiments shall be admitted must be largely left to the discretion of the trial judge, and that discretion will not be interfered with unless in its exercise he clearly appears to be wrong." *Commonwealth* v. *Tucker*, 189 Mass. 457, 478. Observations and experiments made at times other than the main occurrence at issue have been frequently received and not infrequently rejected, often but not universally, in the discretion of the trial court. *Commonwealth* v. *Goodman*, 97 Mass. 117.

*Hunt* v. *Lowell Gas Light Co.* 8 Allen, 169. *Hodgkins* v. *Chappell*, 128 Mass. 197. *Baxter* v. *Doe*, 142 Mass. 559. *Brierly* v. *Davol Mills*, 128 Mass. 291. 1 Wigmore, Ev. § 460. See *Bemis* v. *Temple*, 162 Mass. 342; *Johnstone* v. *Tuttle, ante,* 112. There is nothing to show in the present case that the Superior Court plainly was wrong in the exercise of its discretion, and the instructions carefully guarded the jury from making any improper use of the evidence.

*Exceptions overruled.*