FAIRBANKS, MORSE & COMPANY, APPELLEE, v. GEORGE
BURGERT, APPELLANT.

FILED APRIL 23, 1908.   No. 15,132.

Sales: PAROL EVIDENCE. In an action to recover the purchase price of
machinery shipped to the vendee upon his written order therefor,
it is competent for the vendee to allege and prove that the order
was given upon the oral representations of the vendor that the
machinery would do the work for which it was required, and that
it failed to do so.

APPEAL from the district court for Pawnee county:
WILLIAM H. KELLIGAR, JUDGE. *Reversed.*

*Story & Story,* for appellant.

*J. C. Dort, contra.*

EPPERSON, C.

Defendant gave to plaintiff a written order, requesting
plaintiff to ship to him a windmill and an outfit, with cer-
tain apparatus therein described. Said order contains the
following provision: "All the above for the sum of $255,
which amount I will pay you 60 days after outfit is erected
and in good running order." Plaintiff shipped the goods
described in said written order, and erected the same upon
the defendant's farm, and later brought this action to
recover the purchase price. The defendant, by his an-
swer, among other things, alleged that the plaintiff repre-
sented at the time he gave the written order that the
machinery therein described would do good work, and
would grind shelled corn and ear corn and other grain,
and that the windmill would furnish sufficient power to
drive said grinder, and to grind both ear corn and shelled
corn and other grain; that defendant relied upon the said
representations, and, further, "that the said machinery,
instead of being put in good running order, and doing

33

good work, and grinding shelled corn and ear corn and other grain, and the said windmill furnishing sufficient power to drive the grinder so furnished, was not put in good running order, and would not do good work, and would not grind either shelled corn or ear corn or other grain, and the said windmill would not furnish sufficient power to drive the said grinder.

Upon the trial of the cause the defendant testified that he told the plaintiff's sales agent at the time of, or prior to, the giving of the written order that he wanted the machinery for the purpose of grinding corn and other grain, and that said agent represented to him and told him that the machinery would do the work; that when he signed the written order for shipment he asked the plaintiff's agent where his written guaranty was; that the agent replied thereto that it was not in good running order unless it would grind, having reference, we suppose, to the clause in the written order above quoted providing for the payment after the outfit is erected and in good running order. The defendant further testified that he himself had no knowledge as to whether this machine would do the work that he wanted it for, and that he relied entirely upon the representations of the plaintiff's salesman; that he attempted, but was unable, to operate the machine after it was erected; that he tried it at several different times. He testified that plaintiff's agent attempted to operate it, and failed; that plaintiff's agent gave as a reason for its failure that there was not power enough in the wheel; that he told plaintiff's agent to take the outfit away. Mr. Smith was called by the defendant, and testified that he assisted in attempting to get the machinery to work, and failed. He said: "There was not power enough to run the grinder. The grinder was not adapted to that size mill, or the mill was not adapted to that size grinder, one way or the other." Mr. Smith had about 15 years' experience in the windmill business. At the conclusion of the testimony, the plaintiff moved that defendant's evidence be stricken out, for the reason that

it does not tend to prove the allegations of the answer or dispute the allegations of the petition, and for the further reason that it seeks to vary the terms of a written instrument. This motion was sustained by the trial court, and the jury directed to return a verdict for plaintiff. Upon the rendition of a judgment the defendant appealed.

We do not know what reason the trial court had for sustaining the plaintiff's motion, but it must have been either because he considered the evidence not responsive to the pleadings, or that it tended to change the terms of a written contract. The evidence was directly pertinent to one defense pleaded. It did not tend to vary the terms of a written contract. Were we to consider the written order a complete contract, we would surely be required to give force to the provision that the purchase price sued for was not payable until "after the outfit is erected and in good running order." The evidence of the defendant is to the effect that the machinery has never been in good running order. For this reason, if for no other, the judgment of the district court must be reversed and the cause remanded for a new trial. We do not doubt but that the defendant was entitled to rely upon the verbal representations of the plaintiff that the machinery in controversy would do the work for which he needed it. *Barnell v. Pratt*, 37 Neb. 349. Their said representations were the sole inducement, if defendant's evidence is to be believed, for the written order. The written order is not a complete contract, and, under the defendant's theory of the case, he was entitled to rescind the purchase or to refuse payment until the machinery was made to do the work which the plaintiff promised him it would do. *McCormick Harvesting Machine Co. v. Knoll*, 57 Neb. 790.

The district court erred in striking the defendant's testimony and in directing a verdict for plaintiff, and we recommend that the judgment be reversed and the cause remanded for a new trial.

DUFFIE and GOOD, CC., concur.

By the Court: For the reasons given in the foregoing opinion, the judgment of the district court is reversed and the cause remanded for a new trial.

REVERSED.