FAIRBANKS, MORSE & COMPANY, APPELLANT, v. GEORGE BURGERT, APPELLEE.

FILED JANUARY 24, 1911. No. 16,270.

1. **Sales: PERFORMANCE OF CONDITION: BURDEN OF PROOF.** If a defendant's liability depends upon a condition which he has not waived, the burden is upon the plaintiff to prove a performance thereof.

2. ———: **ACTION: DEFENSE: BURDEN OF PROOF.** If the defendant, in an action to enforce a conditional liability evidenced by a written order for machinery, pleads and proves that before the order was delivered the plaintiff represented that the condition should be construed as an equivalent to representations theretofore made with respect to the machinery, and that the defendant believed and relied thereon, the condition should be thus construed, but the burden is upon the defendant to establish that fact, if it is denied by the plaintiff.

3. **Trial: QUESTION FOR JURY.** If the evidence is conflicting with respect to a material issue, that issue should be submitted to the jury.

APPEAL from the district court for Pawnee county: LEANDER M. PEMBERTON, JUDGE. *Reversed.*

*J. C. Dort,* for appellant.

*Story & Story,* contra.

ROOT, J.

Upon a former appeal of this case the judgment was reversed because the court did not submit the issues of fact to the jury. 81 Neb. 465. We held that it was competent for the defendant to prove that representations made to him by the plaintiff's agent formed an inducement for the order upon which this action is predicated. It is provided in the order that "all the above (machinery ordered) for the sum of $225, which amount I will pay 60 days after outfit is erected and in good running order." The defendant contends in effect that he was unacquainted with, and had no opportunity to examine, the machinery ordered; that he believed and acted upon the representations made by the plaintiff's agent that the grinder would grind ear corn, shelled corn, and oats, and the windmill furnish sufficient power to drive the grinder for that purpose; and that when the order was written the agent said that the words "to drive the grinder" and "good running order," written therein, meant that the machinery would properly grind such grain. The order was but an agreement to purchase upon the condition named. *Davis Gasoline Engine Works Co. v. McHugh & Rate,* 115 Ia. 415. Until that condition shall have been performed, the plaintiff may not recover. *Charter Gas-Engine Co. v. Coleridge State Bank,* 54 Neb. 743.

If the plaintiff's agent made the statements at the time and in the manner testified to by the defendant, and he relied thereon, it should be bound thereby. Code, sec. 341; *Blair v. Kingman Implement Co.,* 82 Neb. 344. The two defenses pleaded, while closely related, are distinct, and either, if established, will defeat the plaintiff's action.

If false representations concerning material facts, made to induce the defendant to sign the order, were relied upon by him in ignorance of the facts, he could rescind upon learning the truth. *Phelps v. Whitaker,* 37 Mich. 72; *Weiden v. Woodruff,* 38 Mich. 130; *Palmer v. Routh,* 86

Mich. 602. If those representations were embodied in the order and the truth thereof made a condition to the defendant's liability, he may rely thereon, and need not act affirmatively to protect himself, and the burden would be upon the plaintiff to prove that the condition had been performed. The burden, however, is upon the defendant to prove that the plaintiff's agent assured him that the alleged construction should be given the words contained in the order. The plaintiff's agents contradict the defendant, and testify in substance that they told him that a "fourteen-foot" windmill would not furnish sufficient power to operate the grinder, but that he should purchase a "sixteen-foot" windmill or a gasoline engine, and that the defendant stated that he had investigated the subject, knew what was needful, and that the "fourteen-foot" mill was suitable and ample for his purpose.

In the third instruction, given by the court at the defendant's request, the jury were told that, if they found from the evidence that the machinery was ordered for the purpose of grinding grain and it did not after a fair trial perform that service, it was not in good running order, and they should, in that event, find for the defendant. The general proposition of law is not entirely accurate. One may sell machinery for a definite use without necessarily impliedly warranting that it will be fit therefor. *Gilcrest Lumber Co. v. Wilson*, 84 Neb. 583; 2 Mechem, Sales, sec. 1314. The terms of the order are not so accurate and susceptible of but one construction as to exclude from consideration the situation of the parties, their conduct, the nature of their transaction, and the attendant circumstances, but all of these should be considered in construing the order in question. *Rice v. McCague*, 61 Neb. 861.

We are of opinion that the order, when read in the light of these circumstances, should not necessarily be construed as an agreement that the machinery will successfully grind corn and oats. If the defendant was warned before he parted with control of the order that the windmill would probably prove unsatisfactory and

not furnish sufficient power to drive the grinder, the condition should not be construed as he contends. The instruction withdrew from the jury this important issue of fact, the vital one in the case, and we are constrained to say that the giving thereof was error prejudicial to the plaintiff.

The judgment of the district court, therefore, is reversed and the cause remanded for further proceedings.

REVERSED.