ROSLINDALE GENERAL HOSPITAL, INC. *vs.* BECKWITH ELEVATOR COM-PANY. March 13, 1975. 1. There was no error in the judge's refusal to allow the force of the auditor's report (see G. L. c. 221, § 56, as in effect prior to St. 1973, c. 1114, § 80; *Cook* v. *Farm Serv. Stores, Inc.* 301 Mass. 564, 565-568 [1938]) to be weakened by permitting questions to be put to the auditor whether certain of the exhibits in evidence before the jury had been introduced in evidence at the hearing before him. *Monk* v. *Beal,* 2 Allen 585, 586, 588 (1861). No prejudice resulted from the ruling; the auditor's testimony as to the manner in which he had marked all the exhibits introduced before him permitted the jury to identify such of the exhibits as had not been so marked. 2. No preju-dice resulted from a possibly erroneous ruling (see *Kendall* v. *Weaver,* 1 Allen 277, 277, 279 [1861]) (if there was one) that the auditor could not testify that the hospital had not offered any expert testimony at the hearing before him; the only expert called by new counsel for the hospital had already testified that he had examined the elevator fol-lowing the accident, had submitted a report to previous counsel for the hospital, but had not testified before the auditor. 3. Nor was there er-ror in the judge's excluding the invoice dated December 31, 1969, which contained a report by an employee of the elevator company of his ob-servations of the condition of the elevator machinery on that date. That employee was not the one who had inspected the constantly used elevator on the day following the accident (which occurred on Novem-ber 24, 1969), and the judge, in the exercise of his discretion (see *Baker* v. *Harrington,* 196 Mass. 339, 341-342 [1907]; *Commonwealth* v. *Arone,* 265 Mass. 128, 129-130 [1928]), could (as he did) insist on proof that there had been no change in the condition of the machinery (which appears to have required service and adjustment at least monthly) in the thirty-seven days following the accident. Contrast *Droney* v. *Doherty,* 186 Mass. 205, 207 (1904); *Cobb* v. *Worcester County Elec. Co.* 338 Mass. 252, 253-255 (1958); *Civitarese* v. *Gorney,* 358 Mass. 652, 658 (1971). No attempt was made to limit the purpose of the offer to that of impeaching the witness who was then on the stand (if it would have done that). Compare *Kelly Realty Co. Inc.* v. *Commonwealth, ante,* 54, 55 (1975), and cases cited. Judgment is to be entered on the verdict returned by the jury.

*So ordered.*

*Thomas D. Burns (Karen J. Schulman* with him) for Roslindale General Hospital, Inc.

*James D. Casey (James E. Mulvoy* with him) for Beckwith Elevator Company.